FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 08 2009 ★

LONG ISLAND OFFICE

JMM:LTG
F.# 2007R01344

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOSEPH ROMANO,
VINCENT ROMANO,
SALVATORE ROMANO,
also known as "Steven Anderson" and "Scott Miller,"
KEVIN WELLS,
THOMAS ARNOLD,
also known as "Phil Kennedy," "Tom Olsen" and "Bill Regan,"
MICHAEL DIBARI,
also known as "Bob Atwell," "Bill Grayson" and "Mark Vaith," and
RUSSELL BARNES,
also known as "Rusty," "Roy Hobbs," "Dick Tannerhill" and "Blake Matthews,"

Defendants.

- - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 09-170 (S-2)(JFB)
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1349, 1956(h) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

At all times relevant to this Superseding Indictment, unless otherwise stated:

## INTRODUCTION

### I. Background

1. Last Quarter Coin, Inc. ("LAST QUARTER COIN") was a New York corporation that engaged in the sale of coins from August 2001 until July 2004 and maintained offices located at 78

Merrick Road, Amityville, New York and 87 Montauk Highway, Copiague, New York.

2. American Coin Company, Inc. ("AMERICAN COIN") was a New York corporation that engaged in the sale of coins from June 2004 until June 2007 and maintained offices located at 78 Merrick Road, Amityville, New York and 87 Montauk Highway, Copiague, New York.

3. All American Coin Company, Inc. ("ALL AMERICAN COIN") was a New York corporation that engaged in the sale of coins from July 2007 until November 2008 and maintained offices located at 63-65 Montauk Highway, Copiague, New York.

4. The defendant JOSEPH ROMANO was the owner of LAST QUARTER COIN, AMERICAN COIN and ALL AMERICAN COIN (collectively the "SUBJECT COMPANIES").

5. The defendant VINCENT ROMANO was the sales and business manager for the SUBJECT COMPANIES.

6. The defendant SALVATORE ROMANO, also known as "Steve Anderson" and "Scott Miller," was a salesman for LAST QUARTER COIN and AMERICAN COIN, and acted as a sales manager for ALL AMERICAN COIN.

7. The defendants JOSEPH ROMANO, VINCENT ROMANO and SALVATORE ROMANO were brothers.

8. The defendant KEVIN WELLS was the general manager

of AMERICAN COIN and ALL AMERICAN COIN and the brother-in-law of the defendants JOSEPH ROMANO, VINCENT ROMANO and SALVATORE ROMANO.

9. The defendant THOMAS ARNOLD, also known as "Phil Kennedy," "Tom Olsen" and "Bill Regan," was a salesman at the SUBJECT COMPANIES and was responsible for contacting potential customers and persuading them to purchase coins.

10. The defendant MICHAEL DIBARI, also known as "Bob Atwell," "Bill Grayson" and "Mark Vaith," was a salesman at the SUBJECT COMPANIES and was responsible for contacting potential customers and persuading them to purchase coins.

11. The defendant RUSSELL BARNES, also known as "Rusty," "Roy Hobbs," "Dick Tannerhill" and "Blake Matthews," was a salesman at AMERICAN COIN and ALL AMERICAN COIN and was responsible for contacting potential customers and persuading them to purchase coins.

II. Terminology Related to Coins

12. A "roll" of Benjamin Franklin half-dollars contained 20 coins of the same year and mint.

13. A "complete roll set" of Benjamin Franklin half-dollars was a roll of each variety of the coin minted from 1948 to 1963.

14. A "proof coin" was a coin minted during a particular year as a collectible and not intended for regular circulation.

15. A "proof roll" contained 20 "proof coins" of the same year.

16. Mint State ("MS") was a numerical grading system used to rate the condition of an uncirculated coin ranging from 70, for a coin in perfect condition, to 60, for a coin that had small scratches or other imperfections. The higher the MS grading of a coin, the rarer and more valuable the coin.

III. <u>The Scheme to Defraud</u>

17. In or about and between August 2001 and November 2008, the defendants JOSEPH ROMANO, VINCENT ROMANO, SALVATORE ROMANO, also known as "Steven Anderson" and "Scott Miller," KEVIN WELLS, THOMAS ARNOLD, also known as "Phil Kennedy," "Tom Olsen" and "Bill Regan," MICHAEL DIBARI also known as "Bob Atwell," "Bill Grayson" and "Mark Vaith" and RUSSELL BARNES, also known as "Rusty," "Roy Hobbs," "Dick Tannerhill" and "Blake Matthews," (collectively the "DEFENDANTS") together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud customers, and to obtain money and property from customers by means of materially false and fraudulent pretenses, representations and promises involving the offer and sale of coins and did execute such a scheme.

18. As part of the scheme and artifice to defraud, the DEFENDANTS either personally telephoned potential coin purchasers or instructed employees under their supervision to telephone potential customers and offered coins for sale during sales pitches. During those sales pitches, the DEFENDANTS and those acting at their direction offered for sale and sold rolls of Benjamin Franklin half-dollars typically starting at $390, while each subsequent roll was sold at an increased price. For instance, the second roll was typically sold for $780 and the third roll was typically sold for $1,180. In each case, the DEFENDANTS or those acting at their direction falsely informed the customers that substantial profits would be realized by investing in those coins.

19. The DEFENDANTS induced the customers to continue to purchase coins by falsely promising the customers that the SUBJECT COMPANIES had investors waiting to purchase the coins from the customers once the customers had purchased the "complete roll set." The DEFENDANTS or those acting at their direction also falsely told the customers that the Benjamin Franklin half-dollars being offered for sale were MS-64+ or better and that the proof Benjamin Franklin half-dollars being offered for sale were MS-68.

20. The DEFENDANTS regularly instructed the customers to pay for the coins by sending the SUBJECT COMPANIES a check via

Federal Express, DHL or U.S. Mail. The coins were then sent to the customers via Federal Express, DHL or U.S. Mail. After the customers purchased the "complete roll set" and contacted the DEFENDANTS to arrange to sell their coins to the promised investors, the DEFENDANTS falsely told the customers that the investors required that the customers purchase additional coins before they would purchase the collections from the customers. After the customers purchased the additional coins at inflated prices, the customers were advised that the investors had "backed-out" of the deal.

21. The DEFENDANTS further induced customers to purchase additional coins by falsely informing them that new investors were interested in purchasing their coin collections, but that the new investors wanted the customers to purchase additional coins before they would purchase the collections from the customers. None of the "complete roll sets" purchased by the customers of the SUBJECT COMPANIES were subsequently purchased by investors arranged via the SUBJECT COMPANIES, as promised by the DEFENDANTS.

22. The DEFENDANTS also falsely misrepresented the grade of the coins sold to the customers. The DEFENDANTS falsely informed the customers that the Benjamin Franklin half-dollars they purchased were graded MS-64+ or higher when, in fact, they were not. Similarly, the DEFENDANTS falsely informed the

customers that the proof Benjamin Franklin half-dollars they purchased were graded MS-68 or higher when, in fact, they were not. As a result, the customers purchased coins worth approximately 10%-20% of the purchase price.

23. Between August 11, 2002 and November 30, 2008, the DEFENDANTS or those acting at their direction deposited more than $40 million into the bank accounts of the SUBJECT COMPANIES. Between December 6, 2002 and November 30, 2008, payments from the bank accounts of the SUBJECT COMPANIES were made as follows:

a. $3,818,000 to the defendant JOSEPH ROMANO between December 6, 2002 and November 30, 2008;

b. $764,796 to the defendant VINCENT ROMANO between December 13, 2002 and November 30, 2008;

c. $1,122,700 to the defendant SALVATORE ROMANO between December 6, 2002 and November 30, 2008;

d. $820,570 to the defendant KEVIN WELLS between July 2004 and March 2008;

e. $3,327,000 to the defendant THOMAS ARNOLD between January 21, 2003 and November 30, 2008;

f. $828,661 to the defendant MICHAEL DIBARI between January 21, 2003 and November 30, 2008;

g. $1,348,124 to defendant RUSSELL BARNES between January 1, 2004 and November 30, 2008.

COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

24. The allegations contained in paragraphs 1 through 23 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between August 2001 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH ROMANO, VINCENT ROMANO, SALVATORE ROMANO, also known as "Steven Anderson" and "Scott Miller," KEVIN WELLS, THOMAS ARNOLD, also known as "Phil Kennedy," "Tom Olsen" and "Bill Regan," MICHAEL DIBARI also known as "Bob Atwell," "Bill Grayson" and "Mark Vaith" and RUSSELL BARNES, also known as "Rusty," "Roy Hobbs," "Dick Tannerhill" and "Blake Matthews," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud customers of the SUBJECT COMPANIES, and to obtain money and property from such customers, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, to (a) place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service, and deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, in violation of Title 18, United

States Code, Section 1341, and (b) transmit and cause to be transmitted writings, signs, signals, pictures and sounds by means of wire communications in interstate commerce, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT TWO
(Money Laundering Conspiracy)

26. The allegations contained in paragraphs 1 through 23 are realleged and incorporated as if fully set forth in this paragraph.

27. In or about and between August 2001 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH ROMANO, VINCENT ROMANO, SALVATORE ROMANO, also known as "Steven Anderson" and "Scott Miller," KEVIN WELLS, THOMAS ARNOLD, also known as "Phil Kennedy," "Tom Olsen" and "Bill Regan," MICHAEL DIBARI also known as "Bob Atwell," "Bill Grayson" and "Mark Vaith" and RUSSELL BARNES, also known as "Rusty," "Roy Hobbs," "Dick Tannerhill" and "Blake Matthews," together with others, did knowingly and intentionally conspire to (a) conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing

that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) engage and attempt to engage in monetary transactions in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1957(a), 1957(b).

(Title 18, United States Code, Sections 1956(h) and 3551 <u>et seq</u>.)

<u>CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE</u>

28. The United States hereby gives notice to the defendants charged in Count One of this Superseding Indictment that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived

from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following:

Money Judgment

A sum of money equal to at least approximately $40,000,000.00 in United States currency; and

Specific Property

a. all right, title and interest in the real property and premises located at 8 HINDES COURT, SMITHTOWN, NEW YORK 11787, and all proceeds traceable thereto;

b. all right, title and interest in the real property and premises located at 35 EAST 38TH STREET, UNIT 6G, NEW YORK, NEW YORK 10016, and all proceeds traceable thereto;

c. all right, title and interest in the real property and premises located at 35 EAST 38TH STREET, UNIT 6F, NEW YORK NEW YORK 10016, and all proceeds traceable thereto;

d. all right, title and interest in the real property and premises located at 7084 VIA LEONARDO, LAKE WORTH, FL, 33467, and all proceeds traceable thereto;

e. all right, title and interest in the real property and premises located at 29 HERSEY DRIVE, BOYNTON BEACH, FL, 33435, and all proceeds traceable thereto;

f. all right, title and interest in the real property and premises located at 22 SLATE LANE, LEVITTOWN, NEW YORK 11756, and all proceeds traceable thereto;

with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

g. all right, title and interest in the real property and premises located at 6011 NORTH OCEAN BLVD, OCEAN RIDGE, FL, 33435, and all proceeds traceable thereto;

h. all right, title and interest in the real property and premises located at 92 OLD CIDER MILL ROAD, SOUTHINGTON, CT 06489, and all proceeds traceable thereto;

i. all right, title and interest in the real property and premises located at 1431 THELBERT DRIVE, FAYETTEVILLE, NC 28301, and all proceeds traceable thereto;

j. all right, title and interest in the real property and premises located at 612 DEEP CREEK ROAD, FAYETTEVILLE, NC 28312, and all proceeds traceable thereto;

k. all right, title and interest in the real property and premises located at 135 WALDORF DRIVE, SHIRLEY, NEW YORK, and all proceeds traceable thereto;

l. all right, title and interest in the real property and premises located at 351 WEST DIXIE COUNTY, FL, Lot 26, Camp Two Subdivision, Dixie, FL, and all proceeds traceable thereto.

m. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account# 818320362-65, held in the name of the defendant JOSEPH ROMANO;

n. all funds or other monetary instruments on deposit or credited to or through First Hawaiian Bank, Account#s 31-214963 and 31-756344, held in the name of the defendant JOSEPH

ROMANO;

o. all funds or other monetary instruments on deposit or credited to or through Florida Capital Bank, Account#s 3000023267, held in the name of the defendant JOSEPH ROMANO; 3000017968, held in the name of the defendant JOSEPH ROMANO; 3000017976, held in the name Karen Romano; and 3000017941, held in the name of the defendant JOSEPH ROMANO and Karen Romano;

p. all funds or other monetary instruments on deposit or credited to or through ING Direct, Account# 41262986, held in the name of the defendant JOSEPH ROMANO;

q. all funds or other monetary instruments on deposit or credited to or through Palm Beach County Bank, Account#s 3500013390 and 502687-7, held in the name of the defendant JOSEPH ROMANO;

r. all funds or other monetary instruments on deposit or credited to or through Roslyn Saving Bank, Account#s 43070009105 and 33070003216, held in the name of the defendant JOSEPH ROMANO;

s. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account#s 983725189 and 327-682316-5, held in the name of the defendant JOSEPH ROMANO;

t. all funds or other monetary instruments on deposit or credited to or through Bear Stearns, Account#s 220-11547 47N

and 220-29613 47N, held in the name of the defendant THOMAS ARNOLD;

u. all funds or other monetary instruments on deposit or credited to or through Colonial Bank, Account#s 8052300236, 8039748382 and 8041244370, held in the name of the defendant THOMAS ARNOLD;

v. all funds or other monetary instruments on deposit or credited to or through Fidelity Investments, Account#s 346-783994 and X18-537098, held in the name of the defendant THOMAS ARNOLD;

w. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account#s 339-623422-6, 335-616904-1 and 97-222781-5, held in the name of the defendant THOMAS ARNOLD;

x. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account# 1801675456, held in the name of the defendant VINCENT ROMANO;

y. all funds or other monetary instruments on deposit or credited to or through Farmington Savings Bank, Account # 543996, held in the name of the defendant SALVATORE ROMANO;

z. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account # 746825132, held in the name of ALL AMERICAN COIN.

aa. all funds, coins or other monetary instruments on

deposit or credited to or through Manfra, Tordella and Brookes, Account# T18047 and held in the name of Thomas Arnold, Inc.

bb. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account#s 690-5211348, 697-6763090 and 697-7096624, held in the name RUSSELL BARNES.

cc. all funds or other monetary instruments on deposit or credited to or through Citibank, Account#s 75969473, 9972910026, 9972910018, 95671690 and 33565912, held in the name of or on behalf of KEVIN WELLS.

29. If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c)(1), to seek forfeiture of any other property of the defendants, up to the value of the forfeitable property described

in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

30. The United States hereby gives notice to the defendants charged in Count Two of this Superseding Indictment that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the following:

Money Judgment

A sum of money equal to at least approximately $40,000,000.00 in United States currency; and

Specific Property

a. all right, title and interest in the real property and premises located at 8 HINDES COURT, SMITHTOWN, NEW YORK 11787,and all proceeds traceable thereto;

b. all right, title and interest in the real property and premises located at 35 EAST 38TH STREET, UNIT 6G, NEW YORK, NEW YORK 10016, and all proceeds traceable thereto;

c. all right, title and interest in the real property

and premises located at 35 EAST 38TH STREET, UNIT 6F, NEW YORK NEW YORK 10016, and all proceeds traceable thereto;

d. all right, title and interest in the real property and premises located at 7084 VIA LEONARDO, LAKE WORTH, FL, 33467, and all proceeds traceable thereto;

e. all right, title and interest in the real property and premises located at 29 HERSEY DRIVE, BOYNTON BEACH, FL, 33435, and all proceeds traceable thereto;

f. all right, title and interest in the real property and premises located at 22 SLATE LANE, LEVITTOWN, NEW YORK 11756, and all proceeds traceable thereto;

g. all right, title and interest in the real property and premises located at 6011 NORTH OCEAN BLVD, OCEAN RIDGE, FL, 33435, and all proceeds traceable thereto;

h. all right, title and interest in the real property and premises located at 92 CIDER MILL ROAD, SOUTHINGTON, CT 06489, and all proceeds traceable thereto;

i. all right, title and interest in the real property and premises located at 1431 THELBERT DRIVE, FAYETTEVILLE, NC 28301, and all proceeds traceable thereto;

j. all right, title and interest in the real property and premises located at 612 DEEP CREEK ROAD, FAYETTEVILLE, NC 28312, and all proceeds traceable thereto;

k. all right, title and interest in the real property

and premises located at 135 WALDORF DRIVE, SHIRLEY, NEW YORK, and all proceeds traceable thereto;

l. all right, title and interest in the real property and premises located at 351 WEST DIXIE COUNTY, FL, Lot 26, Camp Two Subdivision, Dixie, FL, and all proceeds traceable thereto.

m. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account# 818320362-65, held in the name of the defendant JOSEPH ROMANO;

n. all funds or other monetary instruments on deposit or credited to or through First Hawaiian Bank, Account#s 31-214963 and 31-756344, held in the name of the defendant JOSEPH ROMANO;

o. all funds or other monetary instruments on deposit or credited to or through Florida Capital Bank, Account#s 3000023267, held in the name of the defendant JOSEPH ROMANO; 3000017968, held in the name of the defendant JOSEPH ROMANO; 3000017976, held in the name Karen Romano; and 3000017941, held in the name of the defendant JOSEPH ROMANO and Karen Romano;

p. all funds or other monetary instruments on deposit or credited to or through ING Direct, Account# 41262986, held in the name of the defendant JOSEPH ROMANO;

q. all funds or other monetary instruments on deposit or credited to or through Palm Beach County Bank, Account#s 3500013390 and 502687-7, held in the name of the defendant JOSEPH

ROMANO;

r. all funds or other monetary instruments on deposit or credited to or through Roslyn Saving Bank, Account#s 43070009105 and 33070003216, held in the name of the defendant JOSEPH ROMANO;

s. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account#s 983725189 327-682316-5, held in the name of the defendant JOSEPH ROMANO;

t. all funds or other monetary instruments on deposit or credited to or through Bear Stearns, Account#s 220-11547 47N and 220-29613 47N, held in the name of the defendant THOMAS ARNOLD;

u. all funds or other monetary instruments on deposit or credited to or through Colonial Bank, Account#s 8039748382 and 8041244370, held in the name of the defendant THOMAS ARNOLD;

v. all funds or other monetary instruments on deposit or credited to or through Fidelity Investments, Account#s 346-783994 and X18-537098, held in the name of the defendant THOMAS ARNOLD;

w. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account#s 339-623422-6, 335-616904-1 and 97-222781-5, and held in the name of the defendant THOMAS ARNOLD;

x. all funds or other monetary instruments on deposit or credited to or through Washington Mutual Bank, Account# 1801675456, and held in the name of the defendant VINCENT ROMANO;

y. all funds or other monetary instruments on deposit or credited to or through Farmington Savings Bank, Account# 543996, held in the name of the defendant SALVATORE ROMANO;

z. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account # 746825132, held in the name of ALL AMERICAN COIN.

aa. all funds, coins or other monetary instruments on deposit or credited to or through Manfra, Tordella and Brookes, Account# T18047 and held in the name of Thomas Arnold, Inc.

bb. all funds or other monetary instruments on deposit or credited to or through JP Morgan Chase, Account#s 690-5211348, 697-6763090 and 697-7096624, held in the name RUSSELL BARNES.

cc. all funds or other monetary instruments on deposit or credited to or through Citibank, Account#s 75969473, 9972910026, 9972910018, 95671690 and 33565912, held in the name of or on behalf of KEVIN WELLS.

31. If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited

with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants, up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK