## ANSANELLI, KUGLER & SVENDSEN, LLP
ATTORNEYS & COUNSELORS AT LAW
92 BROADWAY
AMITYVILLE, NEW YORK 11701
(631) 598-0337
FAX (631) 598-0352

VINCENT W. ANSANELLI III

ELLEN B. KUGLER, CPA

* Also Admitted in MA

THOMAS P. CLEERE *
DIANE L. BUTLER

LEGAL ASSISTANT

ANN MARIE ARMSTRONG

April 21, 2011

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, NY 11722

                         RE:     ROMANO adv UNITED STATES of AMERICA
                                          Case No. 09 CR 170

Dear Judge Bianco:

       This office represents the Defendant, Joseph Romano in the above referenced matter. Please accept this correspondence as a request to schedule a conference in the hope of avoiding motion practice seeking to compel the Government to disclose information and documents relevant to potential sentence level enhancements as described in more detail herein.

Government Contentions

       On September 28, 2010, the Defendant plead guilty to one count of Conspiracy to Commit Mail Fraud and Wire Fraud pursuant to a Plea Agreement reflecting the Government's estimates of the likely adjusted offense levels under the United States Sentencing Guidelines (the "Guidelines"). These calculations include enhancements for: (i) the amount of loss, measured by the Defendant's gain; (ii) number of victims; and (iii) vulnerable victims.

       The Presentence Report prepared by the Probation Department aggregates the gain allegedly realized by all co-conspirators, and attributes the amount to the Defendant, resulting in a loss calculation far in excess of the loss attributed to the Defendant in the Plea Agreement.

Factual Disputes

       Genuine factual issues exist concerning all three of these enhancements. With respect to the amount of loss, we have reviewed the documents provided by the Government pursuant to 18 U.S.C. § 3500 and the tax returns of the Defendant and the subject companies, and calculated the gain of the Defendant at approximately $4 Million, substantially lower than the calculations of the Government and the Probation Department.

The Government contends that the total number of victims is 1,569. We understand that this is the number of customers who purchased coins from the Defendants during the period of time from 2001 through 2008. We believe that these customers include those who were not defrauded, and who in fact received the product they bargained for. In any event, the Government has notified the Defendant that of the 1,569 alleged victims, the Government has obtained statements from a small percentage, totaling 187 alleged victims. The Defendant must be afforded the opportunity to review the facts and circumstances of the transactions concerning these alleged victims to determine whether these transactions were in fact fraudulent.

The Government has notified the Defendant that the victims were vulnerable because they were elderly. There is nothing in the § 3500 material regarding victim characteristics. We have reviewed, however, the "lead sheets" used by the coin companies to identify contacts for sales, and they include businesses, institutions, and adult individuals with a wide age range. Additional information and documents is required to be disclosed in order to determine whether the enhancement for vulnerable victims should apply.

Grounds for Disclosure

The Guidelines, § 6A1.3(a), provides as follows: "When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."

The Defendant's right to present evidence in mitigation of punishment is well established. *United States v. Malcolm*, 432 F.2d 809, 817-818 (2d Cir. 1970). As a result, disclosure of information in pre-sentence reports is required by Fed. R. Crim. P. 32(e)(2).

In order to have an adequate opportunity to contest evidence, the Defendant must be provided with access to the documents and information upon which the Government will rely in attempting to establish the Guideline enhancements. Such disclosure is material to the issues at sentencing, and reasonable in light of the circumstances of the case. See *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975) (demonstration required for pre-trial disclosure of names and addresses of witnesses pursuant to Fed. R. Crim. P. 16).

Additionally, such disclosure is required in order to determine the amount and recipients of restitution under 18 U.S.C. § 3664. United States v. Zakhary, 357 F.3d 186 (2d. Cir. 2004).

Defendant's Attempts to Obtain Documents and Information

The Defendant requested that the Government provide and disclose the requested documents and information by way of electronically filed correspondence dated March 2, 2011. We received no response. We then followed up with a telephone call to the Government asking for a response, and we were told by A.U.S.A. Thomas Sullivan that although the Government was considering whether to make additional disclosures, it was not under obligation to make such disclosures.

Thereafter, Defendant made a second demand via electronically filed correspondence for the aforementioned information on March 22, 2011. We have received no response from the Government.

Documents and Information requested

Defendant respectfully requests disclosure of the following documents and information:

1. Documents relating to the Government's assertion that the total number of victims is 1,569. Specifically, Defendant requests all information, documentation and evidence formulating the basis of the Government's calculation regarding the total number of victims;

2. Copies of the 187 statements and/or affidavits of those individuals identified as victims that were received by the U.S. Attorney's Office Victim's Witness Coordinator;

3. Documents sufficient to identify the individual victims, including but not limited to name, addresses, telephone numbers, and dates of birth, and further identify documents and information that establish the basis for the designation of these alleged victims as "vulnerable" within the meaning of U.S.S.G. § 3A1.1(b)(1);

4. Documents, including but not limited to canceled checks, receipts, and invoices, relating to the amount of gain attributable to Joseph Romano for the period August 24, 2001 through August 30, 2008. Defendant requests that the Government provide this office with its calculation and supporting documentation concerning same;

5. Business records of the subject coin companies sufficient to calculate the gain attributable to Joseph Romano for the period 2001-2008.

Specifically, Defendant seeks the following business records:

a. Copies of all bank statements for Last Quarter Coin, Inc., American Coin Company, Inc. and All American Coin Company, Inc. for the years 2001-2007, and All American Coin Company, Inc. for the period 7/1/08 – 12/31/08.
b. Copies of personal bank statements for the years 2001 – 2007.
c. Copies of Accountant's work papers used to prepare the income tax returns for the years 2001 – 2007, including Accountant prepared QuickBooks reports.
d. Copies of W-2 statements, Form 1099's and other payroll records for the years 2001 – 2008.

We are hopeful that a conference concerning these matters will obviate the need for motion practice. Thank you for your consideration of this matter.

Respectfully,

_____S/_____
VINCENT W. ANSANELLI, ESQ.

CC: Assistant U.S. Attorney, Thomas Sullivan

P:\AKS\clients\romano-j\criminal\romano adv united states of america\077a