UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                                09 CR 170
                                                13 MC 1105

     - against -

                                                **<u>ORDER</u>**

JOSEPH ROMANO,

                Defendant.
----------------------------------------------------------------X

A P P E A R A N C E S:

JOSEPH ROMANO
#72247-053
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232


LORETTA E. LYNCH
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Christopher A. Ott

MICHAEL K. BACHRACH
276 Fifth Avenue, Suite 501
New York, NY 10001


JOHNSON, Senior District Judge:

       By letter dated May 2, 2013, Defendant and Petitioner Joseph Romano

("Petitioner"), proceeding <u>pro se</u>, submitted a letter seeking the return of property,

namely legal papers and, apparently, unspecified additional property "left behind" by

Petitioner in a government holding facility. (Docket Nos. 563.). On November 3, 2013, Petitioner submitted a letter seeking the return of property (a letter) and a contempt ruling against the Government, which was construed as a motion for the return of property and separately docketed under a miscellaneous civil docket number on December 27, 2013. (Case No. 13-MC-1105, Docket No. 1.) On May 22, 2014, this Court issued an order to show cause why Petitioner's requested relief should not be granted. The United States of America appeared in the case, opposed Petitioner's motion, and moved to dismiss this case as frivolous on May 30, 2014. (Case No. 13-MC-1105, Docket No. 3.)

On July 18, 2014, Romano filed a subsequent motion on his underlying criminal docket asking this Court to recuse itself from these proceedings (Case No. 09-CR-170, Docket No. 613), which he supplemented by letter on August 4, 2014 and August 16, 2014 (Case No. 09-CR-170, Docket Nos. 625, 627). In his motion, Petitioner made sexual harassment violations against this Court, claiming he had learned from counsel that the Court had spoken with his counsel about a young woman working in his office, sought an introduction, and engaged in flirtatious conversation with said young woman that made her uncomfortable. He also stated that counsel had confirmed his belief that the Court was prejudiced against him.

As the allegations supporting Petitioner's request for recusal allegedly regarded statements made about this Court to petitioner by counsel, the Court ordered that counsel should respond to the allegations set forth in the Petitioner's recusal motion on August 12, 2014 and August 13, 2014. Petitioner's counsel submitted a responsive

letter to the Court on August 25, 2014. (August 25, 2014 Letter, Case No. 09-CV-170, Docket No. 626.) In his letter, petitioner's counsel confirmed he had never made the alleged statements to Petitioner, that he was a solo practitioner and no women worked for him in his office, and that he was not aware of any inappropriate activity by this Court as alleged by Petitioner. (Id.) Counsel stated that these and other allegations made by Petitioner were "entirely without merit." (Id.)

Petitioner's counsel also referenced the recusal of the prior judge in this case. Previously, Petitioner, in an "effort to force the recusal of the presiding judge and the assignment of a new prosecutor, …conspired to murder the Honorable Joseph F. Bianco and Assistant United States Attorney Laura Treinis Gatz." (See August 25, 2014 Letter, Case No. 09-CV-170, Docket No. 626.) As a result of those actions, and the subsequent prosecution, this Court was assigned Petitioner's underlying criminal case.

## DISCUSSION

### A. Motion for return of Property

It is well settled that the district court where a defendant is tried has ancillary jurisdiction to decide the defendant's post-trial motion for return of seized property. See Rufu v. United States, 20 F.3d 63, 65 (2d Cir.1994) (citations omitted). Such a motion pursuant to Federal Rule of Criminal Procedure 41(g) is treated as a claim for civil equitable relief. See Boero v. DEA, 111 F.3d 301, 303 (2d Cir.1997). In cases where the property is still in the government's possession, the district court may order the return of the property to its rightful owner.

Where property is lost, destroyed, or otherwise not available for return, "equitable jurisdiction does not permit courts to order the United States to pay money damages…." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir.2004). The federal government is protected from monetary awards in this context by the doctrine of sovereign immunity. See id. Therefore, where a plaintiff seeks return of property that has become unavailable due to loss or destruction of the property, and the United States has not waived its sovereign immunity against such claims, the claim for return of property must be dismissed. See, e.g., Ruotolo v. United States, No. 06 Civ. 3063, 2007 WL 2873638 (E.D.N.Y. September 28, 2007); Rosario v. United States, No. 04 Civ. 910, 2006 WL 721360, at *3 (E.D.N.Y. March 20, 2006); Mendez v. United States, No. 05 Civ. 1486, 2005 WL 2175903, at *2 (E.D.N.Y. September 8, 2005).

Petitioner's motion for the return of property he alleges to be in the possession of the Government, is without merit. Petitioner requests the return of a single letter and appears to claim that he left it behind in a governmental holding facility during the pendency of this or another prosecution for which he was judicially detained. He does not appear to allege that the property was seized from him by the United States Attorney's Office, or agents thereof, or anyone else. The Government has reviewed its files and claims that no seized papers or letters exist in its files. (See May 30, 2014 Letter, Case No. 13-MC-1105, Docket No. 3 at 1.) Nor have agents involved in Petitioner's case, staff at the Bureau of Prisons, or staff at the federal and state detention facilities where Petitioner was incarcerated been able to locate any seized documents or are aware of any such materials. (Id.) The Government credibly alleges

there are no documents in its possession to return, Petitioner fails to provide further specifics substantiating his claim the documents exist in the hands of the Government or specifically describing their nature, and the Court, therefore, concludes that no such documents exist in the possession of the Government. The Court, therefore, DENIES Petitioner's motion.

### B. Motion for Recusal

Petitioner's request for this Court's recusal, pursuant to 28 U.S.C. § 455, is clearly unmerited. Petitioner advances untrue and uncorroborated allegations of sexual harassment by this Court against a fictitious and unnamed person and claims unspecific and unsubstantiated claims of bias by this Court. These allegations lack a basis in fact and are entirely conclusory. Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555–56 (1994). See also, Aguiar v. U.S., No. 01-CV-4117, 2010 WL 1608113 (E.D.N.Y. Apr. 16, 2010).

While a Court is mandated to recuse itself where impartiality is reasonably questioned, the Second Circuit has stated that judges "must be alert to avoid the possibility that those who would question [their] impartiality are in fact seeking to avoid the consequences of [an] expected adverse decision." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992). This consideration is particularly relevant here, where Petitioner's history of seeking recusal as a means of influencing the substantive outcomes of his cases is well-established in a parallel prosecution for threats against another judge in this district. In addition, the factual allegations made by Petitioner

lack support even from his own counsel, or from any other demonstrable source. Petitioner's motion for recusal is DENIED.

### C. Motion for Contempt

Finally, the Court will address Petitioner's claim the Government should be held in contempt for ignoring this Court's orders. This has not been demonstrated to be true in this case, and the Court finds the Government has responses in an appropriate and timely manner. Finding no basis for a contempt finding against the Government in this case, the Court DENIES Petitioner's motion.

## CONCLUSION

For the reasons set forth herein, Petitioner's motion for recusal is DENIED. Petitioner's motion for the return of property is also DENIED. Accordingly, this case is DISMISSED. The Clerk of the Court is directed to close this case.

SO ORDERED.

DATED:  Brooklyn, New York       /s/  
          October 23, 2014       Senior U.S.D.J.