Original

DMJ:LTG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JOSEPH ROMANO,

          Defendant.

- - - - - - - - - - - - - - -X

PLEA AGREEMENT

09 CR 170 (S-2)(JFB)

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and JOSEPH ROMANO (the "defendant") agree to the following:

      1.   The defendant will plead guilty to Count One of the above-captioned indictment charging a violation of 18 U.S.C. § 1349. The count carries the following statutory penalties:

         a.   Maximum term of imprisonment: 20 years (U.S.C. §§ 1349, 1341 and 1343).

         b.   Minimum term of imprisonment: 0 years (18 U.S.C. § 1349, 1341 and 1343).

         c.   Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 year without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. §§ 3583(b), (e)).

         d.   Maximum fine: the greater of (i) $250,000; or (ii) twice the pecuniary gain derived from the offense, or (iii) two times the gross pecuniary loss to persons other than the defendant resulting from the offense (18 U.S.C. § 3571(b), (d)).

COURT EXHIBIT

1

  e. Restitution: To be determined by the Court (18 U.S.C. § 3663 and 3663A).

  f. $100 special assessment (18 U.S.C. § 3013).

  g. Criminal forfeiture: as set forth below (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 34, which is predicated on the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level: (2B1.1(a)) | 7 |
| Loss: (2B1.1(b)(1)(J)) | +18 |
| Number of Victims: (2B1.1(b)(2)(C)) | +6 |
| Vulnerable Victims: (3A 1.1(b)(1)) | +2 |
| Role: (3B1.1(a)) | +4 |
| Less: Acceptance(3E1.1(a)) | -2 |
| Less: Global Point | <u>-1</u> |
| Total: | 34 |

This level carries a range of imprisonment of 151 - 188 months, assuming that the defendant has no prior convictions.

      3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement. If the Guidelines calculation of the Court is different from the Guidelines estimate set forth in paragraph 2, the defendant will not be entitled to withdraw the guilty plea.

      4.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing

party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

     5.   The defendant agrees to forfeit to the United States all of his right, title and interest in seven million dollars ($7,000,000.00) (the "Forfeiture Money Judgment"). The defendant shall partially satisfy the Forfeiture Money Judgment through the immediate forfeiture of the following assets: a) First Hawaiian Bank Account numbers 31-214963 and 31-756344 in the name of Joseph Romano; b) Florida Capital Bank numbers 3000023267, 3000027941 and 1000028119 in the name of Joseph Romano and account number 3000027976 in the name of Karen Romano; c) ING Direct account number 41262986 in the name of Joseph Romano; d) Palm Beach County Bank account number 3500013390 in the name of Joseph Romano; e) Roslyn Savings Bank account numbers 43070009705 and 33070003216 in the name of Joseph Romano; f) Washington Mutual bank (JP Morgan Chase) numbers 983725189 and 327-682316-5 in the name of Joseph Romano; g) JP Morgan Chase account numbers 818320362-65 in the name of Joseph Romano and 746825132 in the name of All American Coin Company, Inc.; h) real property located at 35 East 38th street, Unit 6G, New York, New York; i) real property located at 35 East 38th street, Unit 6F, New York, New York; j) real property located at 63-65 Montauk Highway aka Merrick Rd, Copiague, New York; k) real property located at 7084 Via Leonardo, Lake Worth, Florida; l) real property located at 29 Hersey Drive, Boynton Beach,

Florida; m) real property located at 22 Slate Lane, Levittown, New York (collectively the "Forfeited Assets") and all proceeds traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (collectively the "Forfeited Assets").

6. The defendant agrees that the Forfeiture Money Judgment shall be satisfied in part by forfeiture of the defendant's interest in the Forfeited Assets (h) through (m) to be sold by the defendant at fair market value within six months from the date of this consent order.

7. The defendant agrees that the Forfeited Assets are property, real or personal, constituting or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 1349, or are property traceable to such property, and/or constitute substitute assets as defined in 21 U.S.C. § 853(p), and thus are subject to forfeiture to the United States. The defendant agrees to the entry of a Preliminary Order of Forfeiture as to the Forfeited Assets and the Forfeiture Money Judgment, which shall be incorporated herein, as Exhibit A.

8. The defendant agrees to fully assist the Government in effectuating the surrender of the Forfeited Assets and the Forfeiture Money Judgment and to take whatever steps are necessary to ensure that clear title thereto passes to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any of the Forfeited Assets and the Forfeiture Money Judgment in any

administrative or judicial proceeding. The defendant represents that he has disclosed all of his assets to the United States on the financial statement entitled "JOSEPH ROMANO - United States Department of Justice Financial Statement," dated September 28, 2010, (hereinafter, the "Financial Statement"), a copy of which is attached hereto as Exhibit B. The defendant agrees that a failure to disclose assets on the Financial Statement constitutes a failure to cooperate with the Government, and constitutes a material breach of this agreement. In addition, the defendant consents to the forfeiture to the United States of all assets in which he has an interest, but failed to disclose on the Financial Statement, if any, up to the amount of the Forfeiture Money Judgment.

9. The failure of the defendant to remit the above-referenced Forfeited Assets and the Forfeiture Money Judgment as provided herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this plea agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Upon such a breach, the Office may, among other things, exercise the remedies outlined in this agreement and in the Preliminary Order of Forfeiture. If forfeiture is not received as provided above, the defendant consents to the forfeiture of any other property of his, up to the value of the Forfeited Assets and the Forfeiture Money Judgment not received, pursuant to 21 U.S.C. § 853(p).

10. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture. In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the Forfeited Assets and Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said assets, including, but not limited to, any theories and defenses based on principles of double jeopardy, the <u>ex post facto</u> clause of the constitution, the eighth amendment of the constitution (including a claim of excessive fines), the statute of limitations, or venue.

11. The defendant agrees that the forfeiture of the Forfeited Assets and Forfeiture Money Judgment is not to be considered a payment of a fine or a payment on any income taxes that may be due.

12. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for conspiring to commit and committing mail fraud, wire fraud and money laundering between August 2001 and November 2008 as set forth in the Superseding Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 <u>et seq</u>., and at the time of sentence, it will move to dismiss the remaining counts of the indictment and any underlying indictment with prejudice;

and, based upon information now known to the Office, it will

    b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 5 (a)-(c).

      13.    This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

      14.    No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior promises, agreements or conditions between the parties. To

become effective, this agreement must be signed by all signatories listed below.

Dated:    Central Islip, New York
          September 28, 2010

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York

                        By:   _____
                              Lara Treinis Gatz
                              Assistant United States Attorney

                        Approved by:

                              _____
                              Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Defendant

Approved by:

_____
Counsel to Defendant