UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------:
THE UNITED STATES OF AMERICA,  :

                 VS.                :

JOSEPH ROMANO,                :

          DEFENDANT.     :
------------------------------------------------:

HON. STERLING J. JOHNSON, JR.

# 09-CR-170-SJ

## NOTICE OF MOTION

PERSONS:

PLEASE TAKE NOTICE that upon the annexed affirmation of Andrew H. Freifeld, appellate counsel to defendant Joseph Romano, Joseph Romano will move this Court on the 22nd of May, 2017, at the Courthouse at 225 Cadman Plaza, Brooklyn, NY, 11201, before the Hon. Sterling J. Johnson, Jr., at 9:30 a.m., or as soon thereafter as counsel can be heard, for an order permitting appellate counsel access to the portions of the District Court's docket that are sealed, or are not entered on the docket.

DATED: New York, New York
           May 12, 2017

YOURS, etc.

TO: United States Attorney
    for the Eastern District of New York

    Clerk, United States District Court
    for the Eastern District of New York

ANDREW H. FREIFELD
30 Vesey Street, 6th Floor
New York, New York 10007
Tel: 212-240-9406
Email: frylaw@doitnow.com

Attorney for Defendant

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------:
THE UNITED STATES OF AMERICA,  :
                                      :    HON. STERLING J. JOHNSON, JR.
            VS.       :
                                      :    # 09-CR-170-SJ
JOSEPH ROMANO,          :
                                      :
           DEFENDANT.   :
-----------------------------------------------------:

## DECLARATION OF ROMANO'S APPELLATE COUNSEL IN SUPPORT OF ROMANO'S MOTION TO ALLOW COUNSEL ACCESS TO THE PORTIONS OF THE DISTRICT COURT'S DOCKET THAT ARE SEALED OR OTHERWISE UNAVAILABLE

Pursuant to 28 U.S.C. § 1746, ANDREW H. FREIFELD hereby declares under penalty of perjury to the truth of the following:

1. I am an attorney admitted to practice before this Court since 1990. By order dated April 12, 2016 (attached hereto as Exhibit A), the United States Court of Appeals for the Second Circuit assigned me to represent defendant herein, Joseph Romano, upon his appeal of judgments of conviction, sentence and restitution entered in this action. (2d Cir. docket # 15-992) Romano's brief on appeal is yet to be filed. I submit this declaration in support of Romano's motion to allow his appellate counsel (me) access to portions of the District Court's docket that are sealed, or are not entered on the docket.

2. I previously sought the sum and substance of the relief requested herein by letter dated May 15, 2016 to Magistrate Judge A. Kathleen Tomlinson. (DE # 662)[1] Her Honor denied the request. (DE # 663) I previously sought the sum and substance of the relief requested herein by letter dated July 6, 2016 to District Judge Johnson (attached hereto as Exhibit B), which I resubmitted by letter to the Court's courtroom deputy dated March 10, 2017. (attached

---

[1] A number after "DE #" refers to the number of the entry on this Court's docket sheet.

1

hereto as Exhibit C) His Honor is yet to rule on the letter application, so I am filing this formal motion.

3. It is axiomatic that my duty as appellate counsel is to examine every aspect of the judgments of conviction, sentence and restitution, including every aspect of the proceedings from which they arose, to determine if any portion violated any of Romano's rights, and if so, to argue on appeal for relief from the offending portion, subject solely to the requirement the request not be frivolous. My sole purpose in wishing to review the documents that are the subject of this motion is to carry out my duties as Romano's appellate counsel.

4. Without having reviewed any of the documents that are the subject of the instant motion, I am unable to say that the judgments of conviction and sentence and restitution entered without violating Romano's rights.

5. It is also my responsibility to place these documents in the record on appeal for the Second Circuit's consideration (filed under seal), even in the event that I determine that the record has no non-frivolous issues to appeal. I am that Court's agent for the purpose.

6. This Court should permit me access to DE # 586 and # 616 which are marked sealed.

7. DE # 338 shows a Report and Recommendation entered July 21, 2011 by Judge Tomlinson, which opens:

> On June 8, 2011, the Ansanelli Law Group, LLP, counsel of record for the defendant Joseph Romano, filed a letter on ECF "as an application on notice to the government to permit counsel for the defendant to move to withdraw as counsel ex parte and under seal." DE 324. In that letter, Attorney Vincent Ansanelli stated that there are compelling reasons which justify the withdrawal motion, noting that the grounds include matters which fall "within the ambit of the attorney-client privilege, or may otherwise unnecessarily prejudice the defendant." *Id.* Judge Bianco granted the application. The motion seeking to withdraw as counsel for Joseph Romano, pursuant to Local Criminal Rule 44.1(a) and Local Civil Rule 1.4, was filed under seal. DE 330.

> Given the nature of the motion, Judge Bianco referred the matter to me to conduct a hearing and to issue a Report and Recommendation on whether the motion should be granted or denied.

\*\*\*

> Because the issues concerned in the motion would likely involve Joseph Romano's attorney-client privilege, I conducted the hearing *in camera* on June 23, 2011 with only the defendant Joseph Romano, his counsel of record, his wife and the U.S. Marshals present. The Minute Entry for the proceedings on June 23, 2011 has been filed under seal, as have the papers in support of the motion. It should be noted that not every item of information contained in the sealed documents is privileged. For example, certain facts are not covered by the privilege and some of those facts are referenced below. This Report and Recommendation is limited to a discussion of the information considered by this Court, without breaching any attorney-client privilege, in reaching a determination on the motion. The balance of the information remains under seal.

8. The Ansanelli Law Group appeared for Romano at sentencing.

9. Judge Tomlinson states that Judge Bianco issued an order granting Romano's counsel leave to file a motion *ex parte,* but no such order appears on the Court's docket sheet. I seek to obtain a copy of that order.

10. Judge Tomlinson states that the *ex parte* motion was filed under seal at docket entry # 330. However, there is no docket entry # 330 on the district court's docket, nor does the motion appear elsewhere on the docket. I seek to obtain a copy of the *ex parte* motion filed by Romano's counsel pursuant to his request in his letter at docket entry # 324.

11. At an appearance on June 22, 2011 Judge Bianco states that he received correspondence from the defendant's wife, which the Court "will place under seal". (excerpt attached hereto as Exhibit D) I seek to obtain a copy of that correspondence.

12. Judge Tomlinson states that she conducted a hearing on June 23, 2011. I seek to obtain the transcript from that hearing. The docket sheet does not reflect the appearance or the

3

reporter. I also seek a copy of the Minute Entry for the hearing which Her Honor states was filed under seal.

13. Judge Tomlinson also states that "the balance of the information remains under seal", though the Court does not identify which "information". I seek that information by this motion as well.

14. Nothing herein should be deemed a waiver of the attorney-client privilege that attaches to these items identified in the paragraphs *supra*: the *ex parte* motion, the transcript, and "the balance of the information". The Court has never accorded the government access to these items, and nothing has changed.

15. For these reasons, this Court should grant Romano's motion to allow his appellate counsel access to the portions of the District Court's docket that are sealed, and should issue such other further relief as to the Court seems just and proper.

Dated: May 12, 2017
New York, New York

*/s/ Andrew H. Freifeld*
Andrew H. Freifeld, Esq. (AF 0019)
30 Vesey Street, 6th Floor
New York, New York 10007
Tel: 212-240-9406

# EXHIBIT A

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand and sixteen.

United States of America,

Appellee,

v.

Joseph Romano,

Defendant-Appellant.

**ORDER**

Docket No. 15-992

Appellant moves for appointment of counsel for this appeal.

IT IS HEREBY ORDERED that the motion is GRANTED. Andrew H. Freifeld, Law Office of Andrew Freifeld, 30 Vesey Street, 6th Floor, New York, NY 10007, is assigned as counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Attorney Freifeld is directed to review Local Rule 12.2 regarding the filing of Form B and Local Rule 31.2 regarding procedures for setting the filing dates for the submission of briefs.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court



EXHIBIT B

ANDREW FREIFELD
ATTORNEY-AT-LAW
30 VESEY STREET, 6th FLOOR
NEW YORK, NEW YORK 10007
TEL: 212-240-9406

July 6, 2016

<u>BY HAND</u>
Hon. Sterling Johnson, Jr.
United States District Judge
225 Cadman Plaza East
Brooklyn, New York, 11201

    Re:    <u>United States v. Joseph Romano, # 09-cr-170-SJ, # 15-992 (2d Cir.)</u>

Dear Judge Johnson:

    I represent Mr. Romano on his appeal of the judgment entered in # 09-cr-170-SJ (EDNY), Second Circuit Dkt. # 15-992. Attached hereto as Exhibit A is a copy of the Second Circuit order appointing me as counsel.

    I write to ask that the Court permit me access to sealed pre-sentencing docket entries, and other documents that underlie the entries.

    At sentencing on February 9, 2012 Romano was represented by the Ansanelli Law Group, LLP. Docket entry ("DE") # 338 shows a Report and Recommendation entered July 21, 2011 by Magistrate Judge A. Kathleen Tomlinson, which opens:

> On June 8, 2011, the Ansanelli Law Group, LLP, counsel of record for the defendant Joseph Romano, filed a letter on ECF "as an application on notice to the government to permit counsel for the defendant to move to withdraw as counsel ex parte and under seal." DE 324. In that letter, Attorney Vincent Ansanelli stated that there are compelling reasons which justify the withdrawal motion, noting that the grounds include matters which fall "within the ambit of the attorney-client privilege, or may otherwise unnecessarily prejudice the defendant." *Id.* Judge Bianco granted the application. The motion seeking to withdraw as counsel for Joseph Romano, pursuant to Local Criminal Rule 44.1(a) and Local Civil Rule 1.4, was filed under seal. DE 330. Given the nature of the motion, Judge Bianco referred the matter to me to conduct a hearing and to issue a Report and Recommendation on whether the motion should be granted or denied.

*****

Because the issues concerned in the motion would likely involve Joseph Romano's attorney-client privilege, I conducted the hearing *in camera* on June 23, 2011 with only the defendant Joseph Romano, his counsel of record, his wife and the U.S. Marshals present. The Minute Entry for the proceedings on June 23, 2011 has been filed under seal, as have the papers in support of the motion. It should be noted that not every item of information contained in the sealed documents is privileged. For example, certain facts are not covered by the privilege and some of those facts are referenced below. This Report and Recommendation is limited to a discussion of the information considered by this Court, without breaching any attorney-client privilege, in reaching a determination on the motion. The balance of the information remains under seal.

(opinion attached hereto as Exhibit B)

Having reviewed the docket and read the foregoing, I asked Judge Tomlinson by letter dated May 15, 2016 (DE 662) (attached hereto as Exhibit C [excluding exhibits]) for access to the sealed files referenced in the foregoing quote, as well as to:

any other documents generated by the parties in connection with the Ansanelli Law Group, LLP's motions for (a) leave to withdraw, and (b) to withdraw, including, without limitation, (i) the enclosure transmitted under cover of Mr. Ansanelli's June 8, 2011 letter (DE 324), (ii) the motion papers that underlie the June 23, 2011 proceeding, (iii) the transcript of the June 23, 2011 proceeding, and (iv) whatever else is included in the Court's reference to "the balance of the information".

Her Honor denied my request by order entered June 15, 2016 (DE 663) **(attached hereto as Exhibit D)**. Among other things, Judge Tomlinson suggested that my request should be made to Judge Johnson. Hence, I write this letter.

As to Judge Tomlinson's other determinations, I respectfully disagree that my client's presence at the hearing obviates my need for the transcript and related documents. Defendants are present at hearings and trials too, but their constitutional right to the transcripts is beyond dispute.

I also disagree with Judge Tomlinson's conclusion that I needed to provide case law to support my request, or even a reason for the request. For it is axiomatic that my job is to review the entire record to see if the judgment is free from constitutional or other legal error; I respectfully submit that this is reason enough to grant my request. In any event, it is undisputed

that the sealed records concern an alleged conflict borne by sentencing counsel, which necessarily implicates Mr. Romano's Sixth Amendment right to counsel.

The government by AUSA Christopher Ott has informed me that it doesn't oppose the instant request, but that it wishes to see the documents too. Romano objects. Judge Tomlinson ruled that because the hearing concerned privileged communications, the government had no right to the underlying materials or the hearing minutes, but that Romano's attorneys retained those rights. Nothing has changed. Of course, if Romano appeals Judge Tomlinson's order (the docket doesn't appear to show whether Judge Bianco accepted it), I would expect that we would waive the privilege. But until then, there is no reason to waive, and I believe I would be committing malpractice if I did at this early juncture.

We are grateful for the Court's consideration.

Respectfully submitted,

Andrew Freifeld

cc:  AUSA Christopher Ott (by hand)

EXHIBIT C

ANDREW FREIFELD
ATTORNEY-AT-LAW
30 VESEY STREET, 6th FLOOR
NEW YORK, NEW YORK 10007
TEL: 212-240-9406

March 10, 2017

Ms. Anna Rodriguez,
Courtroom Deputy to
   Hon. Sterling Johnson, Jr.
United States District Court
225 Cadman Plaza East
Brooklyn, New York, 11201

    Re: *United States v. Joseph Romano*, ## 09-cr-170-SJ (EDNY), 16-cv-893-SJ (EDNY), # 15-992 (2d Cir.)

Dear Ms. Rodriguez:

As discussed, enclosed please find a copy of my letter to Judge Johnson of July 6, 2016.

Thank you for your attention.

Very truly yours,

S/

Andrew Freifeld

Enclosure

EXHIBIT D

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA      :   09-CR-170

        -against-                 US District Court
                                  Central Islip, NY
JOSEPH ROMANO,
                Defendant.    :   June 22, 2011
- - - - - - - - - - - - - - X    1:40 pm


           TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JOSEPH F. BIANCO
           UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For the Government:            LORETTA E. LYNCH, ESQ.
                               United States Attorney
                               BY:  LARA TREINIS GATZ, ESQ.


For the Defense:               MARK GOIDELL, ESQ.
                               VINCENT ANSANELLI, ESQ.


Also Present:                  Bruce Barket, ESQ.




Court Reporter:                Dominick M. Tursi, CM, CSR
                               US District Courthouse
                               1180 Federal Plaza
                               Central Islip, New York 11722
                               (631) 712-6108   Fax:  712-6124
                               DomTursi@email.com




           Proceedings recorded by mechanical stenography.
                    Transcript produced by CAT.

                Dominick M. Tursi, CM, CSR
              Official US District Court Reporter

1           (Call to Order of the Court.  Appearances stated
2   as indicated above.)
3           THE COURT:  Mr. Barket, I know you are here.
4           MR. BARKET:  I am, Judge, but I am on a separate
5   Romano case.
6           THE COURT:  I understand that.
7           I don't want you to hang around here
8   unnecessarily because maybe there was some confusion about
9   whether or not this was for all defendants.  This was
10  simply to deal with the representation issue.  And I know
11  you and your client may be here but I don't want to
12  address the other sentencing issues because they are going
13  to impact potentially all the defendants and I want
14  everybody here together for that.
15          MR. BARKET:  So you want us to come back
16  tomorrow?
17          THE COURT:  Yes.  I apologize.
18          MR. BARKET:  You don't need to apologize.
19  Somebody in my office my office needs to.
20          Have a good day.
21          (Mr. Barket leaves the courtroom.)
22          THE COURT:  Okay.  As you know, this was to
23  address the motion to withdraw as counsel.
24          We have been advised by the marshals the
25  defendant is not present.  And we have been advised by the

```
1   marshals that he refused to leave his cell.
2           I don't know if you have spoken to him to know
3   the reason.  I'm concerned.  Obviously, this is to address
4   a representation issue and I'm not sure why he would not
5   want to come to this.
6           And I also received communication from his wife,
7   which I provided to counsel, which I will place under
8   seal, that relates to this issue as well.
9           Is that Mrs. Romano in the audience?
10          MRS. ROMANO:  Yes, your Honor.
11          THE COURT:  I want to ask counsel if they have
12  any information as to why Mr. Romano refused to leave the
13  jail today.
14          Do you have any information?
15          MR. GOIDELL:  I don't, judge.
16          THE COURT:  Let me ask Mrs. Romano.
17          Do you know why your husband refused to come
18  today?
19          MRS. ROMANO:  I don't, your Honor.
20          THE COURT:  I don't want to proceed, obviously,
21  without him being present.
22          Based upon Mr. Romano's email, it appears that
23  he is going to object to me relieving you from the case,
24  and if he objects, we may have to have a more detailed
25  discussion about this.
```

Dominick M. Tursi, CM, CSR
Official US District Court Reporter

1    Obviously, the government wouldn't have to be
2  privy to those conversations, but I don't think we can
3  accomplish anything today without him being present.
4       I'm prepared to sign a force order.
5       I'm trying to remember. I think we had this
6  issue with Mr. Romano once before.
7       MS. GATZ: Twice before, Mr. Romano did not come
8  to court, your Honor, and you had a discussion with him on
9  the record and advised him that if he refused again, this
10 was a possibility.
11      THE COURT: Okay. Would you submit a proposed
12 order to me?
13      MS. GATZ: Yes.
14      THE COURT: I'm going to sign that order.
15      What I think we will do is, we can address this
16 prior to the conference tomorrow with everybody or after.
17      What time are we on for tomorrow?
18      MS. GATZ: 1:30, your Honor.
19      THE COURT: Okay. So I will put this down for
20 1:15. Does that work?
21      MR. GOIDELL: Yes, your Honor.
22      I was going to suggest either 1 o'clock or 1:15
23 so we can handle that before.
24      THE COURT: I have something tomorrow, so I
25 think what I am going to have to do is move the general

one to 2:30 tomorrow and we will have this at 2.

We will send out a bounce. Make sure Mr. Barket knows that. I don't want him to come early again.

And if you have any communication with him between now and then, I would just again, Mrs. Romano, I don't know if you are going to be able to speak to your husband --

MRS. ROMANO: I will, your Honor.

THE COURT: -- but this makes no sense.

MRS. ROMANO: It makes sense to me, your Honor. It makes sense to me. But he hasn't had the opportunity to convey it to you.

THE COURT: Well, even if it makes sense to you, I am telling you that this relates to who is going to be representing him. This is for his benefit. And we can't proceed --

MRS. ROMANO: Unfortunately, we feel like --

THE COURT: But he has to come. I'm trying to understand his position.

MRS. ROMANO: I will make sure he is here tomorrow, your Honor.

THE COURT: It puts the marshals in a bad position, if they have to be dragging him out of the cell.

MRS. ROMANO: It won't be necessary.

THE COURT: In an abundance of caution, I am

going to sign the order in any event. But I would appreciate it if you could communicate that I'm hoping that that won't be necessary.

So I will see you all tomorrow.

MR. GOIDELL: Judge, so tomorrow we are going to arrive here at 2 o'clock. And will that be an ex parte conference?

THE COURT: I will probably start out with the government being present. If he needs to explain the reasons, then we will convert it to an ex parte conference. But I think initially will have Ms. Gatz present so he understands what is going on.

MR. GOIDELL: Thank you, judge.

(Proceedings adjourned at 1:55 pm.)

CERTIFICATE OF COURT REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____
Dominick M. Tursi, CM, CSR