January 21, 2026

Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 03 2026 ★
BROOKLYN OFFICE

Re: United States v. Joseph Romano
Cr. No. 2:09-Cr-00170-EK

Dear Honorable Judge Komitee,

Please, except this reply; pages 2 and 3.

Respectfully Submitted,
Joseph Romano

RECEIVED
FEB 03 2026
PRO SE OFFICE

REC'D IN PRO SE OFFICE
FEB 4 '26 AM 9:59

1 of 3

**REPLY – SECTION I**

Although the Government did not file proof of service as directed by the Court's November 24, 2025 Order, Petitioner obtained a copy of the Government's October 20, 2025 letter through family assistance and submits this Reply promptly to avoid further delay.

The record of the May 26, 2010 Curcio hearing conclusively limits the scope of the waiver to the bail revocation context. The Court defined the specific conflict solely in terms of the immediate proceeding, stating that counsel was "a potential witness in the bail revocation hearing which we are going to commence" (Tr. at 3).

Independent Curcio counsel likewise defined the risk as Petitioner's loss of the right to cross-examine counsel if called as a witness. Petitioner confirmed his understanding on the record: "My understanding of it is that I lose the right to cross-examine my attorney if he is put on the stand as a witness for the prosecution" (Tr. at 7).

The Court further stated that if circumstances changed, the conflict issue would be revisited (Tr. at 12). No renewed Curcio inquiry occurred at the subsequent plea stage or at sentencing.

Accordingly, the record reflects that Petitioner's guilty plea was entered without a knowing or voluntary waiver of counsel's conflict at that critical stage.

**REPLY – SECTION II THE CONCURRENT SENTENCE DOCTRINE DOES NOT APPLY**

The Government argues that the Court should exercise its discretion to dismiss this Petition under the concurrent-sentence doctrine. That argument is legally barred by Supreme Court precedent because this conviction carries concrete monetary penalties.

The active Amended Judgment in this case (ECF No. 769, dated July 19, 2022) explicitly imposes a $100.00 Special Assessment and $19,070,386.25 in Restitution. The docket entry states: "SPECIAL ASSESSMENT: $100.00; RESTITUTION: $19,070,386.25."

Under Ray v. United States, 481 U.S. 736 (1987), the presence of a monetary special assessment constitutes a concrete collateral consequence that renders the concurrent-sentence doctrine inapplicable. The Supreme Court held that because a defendant remains liable for the assessment, the case is not moot and the Court must review the conviction.

Further, the existence of a $19 million restitution order is itself a substantial collateral consequence that independently precludes dismissal. Vacating this conviction would eliminate a multi-million-dollar financial liability imposed on Petitioner. Therefore, the Court may not dismiss this Petition based on the concurrent life sentences imposed in Case No. 12-cr-691.

Dated: Jan. 21, 2026 Florence, Colorado /s/ Joseph Romano Joseph Romano, Reg. No. 72247-053 ADX Florence United States Penitentiary P.O. Box 8500 Florence, CO 81226 Pro Se



**NOTICE OF SUPPLEMENTAL AUTHORITY**

Petitioner respectfully submits this Notice to advise the Court that, as of October 1, 2025, the conviction and sentence in United States v. Romano, Case No. 1:12-cr-00691, are the subject of an active post-conviction motion pending before Circuit Judge Denny Chin (see Dkt. 296; Order of Reassignment entered Oct. 1, 2025). Currently the case has been transferred by Judge Chin to the Circuit, requesting a Certificate of Appealability.

This Notice is submitted solely to clarify the procedural posture of that case in light of the Government's assertion that the 12-cr-691 sentence is "unchallenged." No further argument is made.

Dated: Jan. 21, 2026
Florence, Colorado

/s/ Joseph Romano
Joseph Romano, Reg. No. 72247-053
ADX Florence
United States Penitentiary
P.O. Box 8500
Florence, CO 81226
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21 day of January, 2026, I placed this document in the prison mailing system at ADX Florence, utilizing the institution's legal mail procedures, addressed to:

Matthew F. Sullivan
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

/s/ Joseph Romano



Name: Romano, Joseph
Reg. No.: (72247053)
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

cm-26-030

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 03 2026 ★

BROOKLYN OFFICE

c/o Clerk of the Court
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
11201

Prison Legal Mail Jan. 21, 2026

11201-183299

FEDERAL PRISON CAMP
P.O. BOX [illegible]
FLORENCE, COLORADO [illegible]

JAN 2 6 2026

DATE: ______________

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed [illegible] special mailing [illegible]edures for forwarding to you. The letter has neither [illegible]ened nor inspected. If the writer raises a question [illegible] over which this facility has jurisdiction, you may [illegible] return [illegible] material for further information or clarification. If [illegible] correspondence [illegible] rding to another [illegible] address [illegible] the en[illegible]