CERTIFICATE OF SERVICE

I, Joseph Romano, Defendant-Petitioner Pro Se, certify that on _March 13, 2026_, I placed a true and correct copy of the foregoing Pro Se Motion for Limited Discovery Pursuant to Rule 6, Proposed Order, and Exhibit A (Dejvid Mirkovic Affidavit excerpt, Doc 296 pp. 94–97) in the institutional legal mail system at USP ADX Florence, using the institution's legal mail procedures, addressed to:

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

and

Matthew F. Sullivan
Assistant United States Attorney
United States Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201

Dated: _March 13_, 2026

Joseph Romano, Pro Se
Reg. No. 72247-053

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 24 2026 ★

BROOKLYN OFFICE

★ MAR 24 2026 ★

BROOKLYN OFFICE

RECEIVED IN PRO SE OFFICE

MAR 24 2026

REC'D IN PRO SE OFFICE
MAR 24 '26 PM3:56

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSEPH ROMANO,
Defendant-Petitioner.

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 24 2026   ★

BROOKLYN OFFICE

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

## PRO SE MOTION FOR LIMITED DISCOVERY PURSUANT TO RULE 6

Defendant-Petitioner Joseph Romano, proceeding pro se, respectfully moves this Court for a limited discovery order pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings. This motion is tied to Petitioner's pending § 2255 motion (ECF 659) and the briefing posture ordered by this Court.

Petitioner seeks two specific, identified Government-authored memoranda referenced in a sworn affidavit (attached as Exhibit A, Dejvid Mirkovic Affidavit excerpt, Doc 296 pp. 94–97). Petitioner does not request broad discovery.

### I. PROCEDURAL POSTURE (RECORD ANCHORS)

Petitioner's pending § 2255 motion (ECF 659) includes, inter alia, claims concerning counsel conflict and related prejudice.

On September 3, 2025, the Court ordered supplemental briefing on (1) the concurrent-sentence doctrine and (2) whether Petitioner's conflict claim is barred or waived, including the scope of the May 2010 Curcio hearing. The Government filed its supplemental submission on October 20, 2025. Petitioner filed replies on February 3, 2026 (ECF 796 and ECF 797) addressing the issues identified in the Court's Order.

This motion requests limited discovery relevant to the pending § 2255 claims and is narrowly confined to two identified memoranda referenced by date and author in Exhibit A.

### II. DISCOVERY REQUESTED (TWO DOCUMENTS ONLY)

Petitioner requests production (or, in the alternative, in camera submission) of the following two memoranda of interview concerning witness Dejvid Mirkovic, compiled by William J. Hessle, as identified in Exhibit A:

1 Memorandum dated April 28, 2010 (identified to Mirkovic as "Exhibit C" during the meeting described in Exhibit A).
2 Memorandum dated August 17, 2010 (identified to Mirkovic as "Exhibit D" during the meeting described in Exhibit A).

These are not speculative requests: Exhibit A identifies the documents by author, subject, and dates, and describes specific statements the August 17, 2010 memorandum allegedly attributes to Mirkovic that he swears are false.

## III. GOOD CAUSE (RULE 6(a))

Rule 6(a) permits limited discovery upon a showing of good cause. Good cause exists where specific allegations show reason to believe that, if the facts are fully developed, Petitioner may be able to demonstrate entitlement to relief.

Exhibit A provides the specific factual basis for good cause: Exhibit A is a sworn affidavit excerpt of Dejvid Mirkovic stating that he paid trial counsel $263,800 during the period of representation and that he was shown documents "compiled by William J. Hessle" labeled "Exhibits C & D," including an August 17, 2010 memorandum that falsely attributed statements to him concerning Petitioner's knowledge and intent.

Petitioner requests only the two memoranda identified in Exhibit A so the record can be fully developed on the pending § 2255 issues. Because the documents are identified by exact date and author and are described in a sworn affidavit, this request is narrowly tailored and does not impose a broad or speculative discovery burden.

## IV. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that the Court find good cause under Rule 6(a) and enter an Order directing the Government to do one of the following within a time set by the Court:

1 Produce to Petitioner the two memoranda identified above (dated April 28, 2010 and August 17, 2010, compiled by William J. Hessle, concerning Dejvid Mirkovic).
2 Alternatively, submit those two memoranda to the Court under seal for in camera review, after which the Court may determine whether and in what form production to Petitioner is appropriate.

Dated: March 13, 2026
Florence, Colorado

Respectfully submitted,

Joseph Romano, Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

## EXHIBIT A
Dejvid Mirkovic Affidavit excerpt (Doc 296 pp. 94–97)

**State of Florida**
**County of Palm Beach**


**BEFORE ME,** the undersigned Notary,

_____ *[name of Notary*
*before whom affidavit is sworn]*, on this 1st day of March, 2011, personally appeared Dejvid Mirkovic, known to me to be a credible person and of lawful age, who being by me first duly sworn, on his oath, deposes and says:


1. I, Dejvid Mirkovic ("Mirkovic"), reside at 7090 Via Leonardo, Lakeworth, FL 33467-5236. I am the president and chief executive officer of Universal Coin Collections, Inc. ("UCCI"), which formerly operated as Collectible Coins, Inc. ("CCI"). CCI was based at 1300 NW 17th Avenue, Suite 218, Delray Beach, Florida 33445. UCCI is currently headquartered at the aforesaid address.

2. On February 25, 2011, at approximately 3:30 p.m., I met with Brian S. Aryai ("Aryai"), a certified public accountant ("CPA") and a retired federal agent, at my office. Aryai has been retained by Joseph Romano to conduct a forensic accounting investigation on Joseph Romano's behalf to determine facts and circumstances leading to Joseph Romano's indictment by the United States Government.

3. I am a prosecution witness in the aforesaid matter.

4. I voluntarily agreed to meet Aryai to discuss payments, both directly and indirectly, I had made to Charles Carnesi ("Carnesi"). Carnesi is a former counsel for Joseph Romano ("Romano"). These payments were paid for legal expenses incurred by Romano. I do not know whether or not the payments demanded by Carnesi actually represented bona fide services rendered by Carnesi. These payments to Carnesi were made through my operating business account number 0095248250, held in the name of CCI,

1 of 4

at Regions Bank, a financial institution that conducts business in the State of Florida.

5. In total I paid Carnesi's purported legal fees in the amount of $263,800.00. The total amount represented checks made payable to Charles Carnesi for a total amount of $35,000.00, which is reflected in Exhibit A, attached herewith, and $228,800.00 withdrawals in cash, attached herewith as Exhibit B, highlighted in yellow color, which were withdrawn from CCI's business account and physically delivered to Karen Romano, Romano's spouse, to be turned over to Carnesi. Based on my discussions with Karen Romano, I was advised by Karen Romano that Carnesi had demanded that his fees be paid in cash. In spite of several requests to Carnesi, he refused to provide me with any invoices, receipts, tax identification number or social security number for the referenced payments. It is unclear to me what work Carnesi has performed; additionally, this is the first time I have heard of an attorney who demands bundles of cash for payment of fees.

6. On February 25, 2011, at approximately 4:30 p.m., while meeting with Aryai, I received a phone call from Jason Wandner ("Wandner"), who was previously retained as my counsel, until I dismissed Wandner and retained Jack Goldenberger in June of 2010. Wandner was introduced and recommended to me by Carnesi. At the time I received the call from Wandner, he was not my attorney. In the course of this conversation, Wandner, who in my observation and belief is very close and friendly with Lara Gatz ("Gatz"), the assistant United States attorney in the Eastern District of New York assigned to Joseph Romano's criminal case, made certain statements, some of which Aryai heard as I spoke on my cellular phone. Wandner stated to me that Gatz' secretary had just called him, telephonically, and informed him that "Carnesi is under investigation by the U.S. Attorney and an investigator is going to be contacting you to gather information about payments to Carnesi". Wandner further stated that under no circumstances I should talk to this investigator. I understood that Wandner was alerted by Gatz about Aryai's planned meeting with me about payments to Carnesi.

2 of 4

7. I am a law abiding businessman and would like to help with any legitimate law enforcement matter. In my view, the unauthorized disclosure by Gatz' office to Wandner about Carnesi being under investigation is unlawful and represents prosecutorial misconduct. This event should be addressed with an independent investigation. Furthermore, in my view, the revelation of my planned meeting with Aryai by Gatz's office to Wandner is unethical in Gatz' attempt to obstruct Romano's inalienable right to defend himself, through his representatives, in collection and presentation of facts to the court in the course of the adjudication of the criminal case against him, including the sentencing phase and Romano's arguments for appropriate allocation of points.

8. In my meeting with Aryai and Thomas Cleere, Esq. ("Cleere"), both retained by Joseph Romano, I was presented with and reviewed documents attributed to me for having made certain statements in two separate memoranda of interview. One memorandum is dated April 28, 2010 and the other is dated August 17, 2010, attached herewith as Exhibits C & D respectively, both compiled by William J. Hessle ("Hessle"), who is either a contract employee of the United States Postal Service ("USPS") or a postal inspector employed by the USPS. This was the first time I had seen these documents. I am not aware of Hessle's true position and relationship to the United States Government. After reviewing the above referenced documents, with respect to Exhibit D, I make the following declarations:

i) I have never stated that Joseph Romano had told Russell Barnes ("Barnes") to use the "investor pitch".

ii) I have never stated that "Romano admitted that he (Romano) knew his employees were lying to customers in New York using the "investor pitch". I told Gatz and Hessle that Romano became aware of these misrepresentations only subsequent to his indictment.

3 of 4

[signature of affiant]

ADELE DUROCHER
MY COMMISSION # DD 750724
EXPIRES: January 22, 2012
Bonded Thru Notary Public Underwriters

_____

Dejvid Mirkovic

7090 Via Leonardo, Lakeworth, FL 33467-5236

**State of Florida**
**County of Palm Beach**

Sworn to (or affirmed) and subscribed before me this ___1ˢᵗ___ day of
__March____, _2011_ (year), by
_Dejvid Mirkovic_____ (name of person making
statement).

_____
(Signature of Notary Public - State of Florida)

_Adele Durocher_____
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____ OR Produced Identification __X___

Type of Identification Produced _Florida Drivers License_

4 of 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSEPH ROMANO,
Defendant-Petitioner.

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

[PROPOSED] ORDER GRANTING LIMITED DISCOVERY PURSUANT TO RULE 6

Upon consideration of Petitioner's Pro Se Motion for Limited Discovery Pursuant to Rule 6 and the record, the Court finds
that Petitioner has shown good cause for limited discovery.

IT IS HEREBY ORDERED that, within _____ days of this Order, the Government shall either:

1. Produce to Petitioner the following two memoranda concerning Dejvid Mirkovic, compiled by William J. Hessle and
identified in Petitioner's Exhibit A:
a. Memorandum dated April 28, 2010; and
b. Memorandum dated August 17, 2010;

OR

2. Alternatively, submit the two memoranda under seal for in camera review, after which the Court will determine whether
and in what form production to Petitioner is appropriate.

SO ORDERED.

Dated: _____, 2026
Brooklyn, New York

_____
HON. ERIC R. KOMITEE
United States District Judge

Name: Romano
Reg No: (72247-053)
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

cm-26-072

Denver, CO P&DC 802-ZIP
WED 18 MAR 2026 PM

Clerk of the Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N-Y-
11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 24 2026   ★

BROOKLYN OFFICE