FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 29 2026 ★

BROOKLYN OFFICE

RECEIVED
MAY 29 2026
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

UNITED STATES OF AMERICA,
        Plaintiff,

        v.

JOSEPH ROMANO,
        Defendant-Petitioner.

--------------------------------------x

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

## SUPPLEMENTAL LETTER REGARDING GOVERNMENT'S SUPPLEMENTAL BRIEF (ECF NO. 787), FOOTNOTE 1, AND PENDING RULE 6 MOTION (ECF NO. 799)

Dear Judge Komitee:

Petitioner respectfully submits this supplemental letter to address one argument raised for the first time in the Government's October 20, 2025 supplemental brief (ECF No. 787) that was not addressed in Petitioner's February 3, 2026 replies (ECF Nos. 796, 797), and to note the status of the pending Rule 6 motion (ECF No. 799).

### I. The Curcio Hearing Phrases Do Not Waive an Undisclosed Plea-Stage Conflict.

The Government's waiver argument rests on the May 18 and May 26 Curcio proceedings. The May 18 transcript confirms that the proceeding was bail-focused. Judge Tomlinson stated it was "really not yet a Curcio hearing" and that the case had been "set down this morning for purposes of the bail revocation proceeding." ECF No. 177, May 18, 2010 Tr. 2:12–21, PageID #505. Judge Tomlinson confirmed the scope of her concern when she told Petitioner directly that the "potential danger" from the conflict was that "the government could call your attorney as a witness at the hearing — at the bail hearing." ECF No. 177, May 18, 2010 Tr. 11:17–21, PageID #514. She later confirmed that "the underlying impetus here is the bail revocation hearing." Id. at 13:5–12, PageID #516.

At the May 26, 2010 Curcio hearing, the Government cites two phrases: Petitioner's statement that conflict-free counsel means counsel who gives him "a fair chance to have a fair hearing or a trial for that matter" (Tr. p. 8, ECF No. 178, PageID #527), and his answer "Yes, I am waiving them" when asked about potential conflicts in "these criminal proceedings" (Tr. p. 11, ECF No. 178, PageID #530).

Those phrases were spoken inside a hearing framed around one specific conflict: Carnesi as a potential witness "in the bail revocation hearing which we are going to commence." Tr. p. 3, ECF No. 178, PageID #522. Petitioner's own stated understanding was that the risk was losing the right to cross-examine his attorney "if he is put on the stand as a witness for the prosecution." Tr. p. 7, ECF No. 178, PageID #526.

Most importantly, the Court stated that if an actual conflict later developed, the issue "will be revisited." Tr. p. 12, ECF No. 178, PageID #531. The plea transcript contains no renewed Curcio inquiry concerning the Carnesi/Mirkovic conflict. The conflict the Court said it

REC'D IN PRO SE OFFICE
MAY 29 '26 PM 2:49

1

would revisit was never put to Petitioner at the plea stage. Broad language about "a trial for that matter" spoken inside a bail-focused hearing does not waive a separate conflict at the plea stage that was never disclosed and never revisited.

## II. Final-Payment Timing Does Not Resolve the Plea-Stage Conflict.

The Government argues in ECF No. 787, footnote 1, that because Carnesi may have received his final payment from Mirkovic before the guilty plea, the financial connection and any conflict it created may not have been live at the plea stage.

Petitioner's own petition addresses this directly. ECF No. 659, pp. 13–14 (PageID ##3301–3302). On September 28, 2010 — the day of the plea, during voir dire — Carnesi told Petitioner that he "must plead, because Mr. Carnesi cannot defend petitioner because Mr. Mirkovic will testify." Id. at p. 14, PageID #3302. The petition also states that Carnesi had already received "final payments of more than three hundred thousand U.S. dollars" from government witness Mirkovic for Petitioner's defense. Id. at p. 13, PageID #3301.

Even assuming the final payment preceded the plea, the constitutional issue is divided loyalty at the plea stage, not whether another payment remained outstanding. Petitioner alleged that Carnesi told him on the day of the plea that he could not defend him because of Mirkovic's anticipated testimony. If credited, that plea-day statement shows that the alleged conflict was operative at the moment of the plea recommendation. The question is not when the last payment cleared. The question is whether Carnesi's advice to plead was free of divided loyalty arising from Mirkovic's financial sponsorship of the defense and his role as a government witness.

The Mirkovic affidavit now in this record (ECF No. 799, Exhibit A, PageID ##5535–5537) corroborates the conflict. Mirkovic paid Carnesi $263,800, including $228,800 in cash delivered through Petitioner's wife to Carnesi. Mirkovic further swore under oath that the August 17, 2010 Hessle memorandum falsely attributed to him statements about Petitioner's knowledge and intent — the precise factual predicate underlying the government's plea pressure. Whether Carnesi's advice was free of that divided loyalty is a factual question the Government's own footnote 1 does not resolve: the Government states only that it is "not clear" the conflict existed at the time of the guilty plea. That uncertainty is itself reason to develop the record before enforcing the plea waiver.

## III. The Rule 6 Discovery Motion Remains Pending.

ECF No. 799 (filed March 24, 2026) requests production or in camera submission of the two Hessle memoranda (April 28, 2010 and August 17, 2010) identified in the Mirkovic affidavit. No government response has been ordered or filed as of the date of this letter. Petitioner respectfully requests that the Court set a deadline for the government's response to ECF No. 799, or in the alternative, review the two memoranda in camera before ruling on the enforceability of the plea waiver. The plea-stage conflict question and the Rule 6 motion are directly connected: whether Carnesi's advice was affected by divided loyalty cannot be fully evaluated without knowing what the Hessle memoranda say about Mirkovic's statements and whether those statements are consistent with Mirkovic's sworn affidavit.

2

Dated: May 13 , 2026
Florence, Colorado

Respectfully submitted,

_____

Joseph Romano, Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on _____, 2026, I deposited the original of this letter in the institutional legal mail at USP ADX Florence, using the institution's legal mail procedures, addressed to the Clerk of Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and deposited a true and correct copy addressed to Matthew F. Sullivan, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

_____

Joseph Romano, Reg. No. 72247-053

Name ROMANO, Joseph
Reg. No. (72247053)
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500
cm-26-137

DENVER CO 802
19 MAY 2026 PM 8 L

Clerk of the Court
District Court Judge Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
11201

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 29 2026 ★

BROOKLYN OFFICE

Prison Legal Mail 5-13-26

11201-183299