

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MWG:MFS
F. #2016V01164

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 17, 2026

<u>By ECF</u>

The Honorable Eric Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  United States v. Joseph Romano
        <u>Criminal Docket No. 09-170 (EK)</u>

Dear Judge Komitee:

    The government respectfully submits this letter pursuant to the Court's June 4, 2026 order directing the government to respond to the defendant's Pro Se Motion for Limited Discovery Pursuant to Rule 6 (ECF No. 799) ("Motion" or "Mot."). As discussed below, the Motion should be denied because the defendant has failed to demonstrate good cause to undertake discovery in connection with his petition filed pursuant to 28 U.S.C. § 2255 (ECF No. 659) ("Petition").

I.  <u>Background</u>

    As the Court is aware, the defendant's Petition seeks to vacate his conviction on the grounds that he received constitutionally ineffective assistance of counsel during his underlying criminal case. Specifically, the defendant claims that his (i) prior counsel Charles Carnesi was constitutionally ineffective because he had a conflict of interest; (ii) prior counsel Charles Carnesi was constitutionally ineffective also because he misled and coerced the

defendant into thinking that the charges to which he pleaded guilty only had a five-year maximum sentence; and (iii) prior counsel Vincent Ansanelli was constitutionally ineffective because he failed to file a motion to set aside the defendant's guilty plea, collected payments from the defendant's wife, collected payments from Dejvid Mirkovic, recklessly overcharged, and had no courtroom experience.[1]

In his Motion, the defendant now seeks the production of "two specific, identified Government-authored memoranda referenced in a sworn affidavit" from Mirkovic ("Mirkovic Affidavit"), which is attached as Exhibit A to the Motion. Mot. at 2. The defendant explains that the requested documents are "two memoranda of interview concerning witness Dejvid Mirkovic, compiled by William J. Hessle," dated April 28, 2010 and August 17, 2010. Id. In the Mirkovic Affidavit, both interview memoranda are described as attachment "Exhibits C & D" to the affidavit, see id. 6, however, the exhibits are not included in the version of the Mirkovic Affidavit that was attached to the Motion. Nevertheless, the Mirkovic Affidavit refers to Exhibit D and identifies two instances within Exhibit D where the interview memorandum apparently attributes statements to Mirkovic that he asserts he "never stated." Id.

II.     Applicable Law

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, a petitioner must "first demonstrate 'good cause' to request the materials by making 'specific allegations . . . showing reason to believe that . . . he may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Locurto v. United States, No.

---

[1] As set forth in the government's response (ECF No. 661) and supplemental response (ECF No. 787) to the defendant's Petition, it lacks merit and should be denied.

10-CV-4589 (NGG), 2016 WL 7031556, at *1 (E.D.N.Y. Dec. 1, 2016) (quoting <u>Bracy</u>, 520 U.S. at 908-09) (alterations omitted); <u>see also</u> <u>Lewal v. United States</u>, 152 F.3d 919, 1998 WL 425877 at *2 (2d Cir. 1998) (summary order) ("Rule 6(a) of the Rules Governing Section 2255 Proceedings . . . provides that a § 2255 petitioner is entitled to undertake discovery only when 'the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'"); <u>Fan v. United States</u>, No. 15-CV-4169 (DLI), 2019 WL 2503995, at *4 (E.D.N.Y. June 17, 2019) ("Rule 6(a) of the § 2255 Rules specifies that a habeas petitioner is entitled to discovery only if the petitioner shows 'good cause,' and grants the Court discretion in making a discovery determination.").

Accordingly, a habeas petitioner "bears a heavy burden in establishing a right to discovery." <u>Renis v. Thomas</u>, No. 02-CV-9253 (DAB), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) (citing <u>Bracy</u>, 520 U.S. at 904). "Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." <u>Naranjo v. United States</u>, No. 16-CV-7386 (JSR), 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (quotations omitted). A court may deny a request for discovery "where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." <u>Hirschfeld v. Comm'r of the Div. of Parole</u>, 215 F.R.D. 464, 465 (S.D.N.Y. 2003).

III.    <u>Argument</u>

In his Motion, the defendant fails to demonstrate good cause that would entitle him to discovery because he does not provide specific reasons why the requested discovery would support his Petition. The defendant asserts that he has shown good cause for discovery because:

> Exhibit A is a sworn affidavit excerpt of Dejvid Mirkovic stating that he paid trial counsel $263,800 during the period of representation and that he was shown documents "compiled by William J. Hessle" labeled "Exhibits C & D," including an August 17, 2010 memorandum that falsely attributed statements to him concerning Petitioner's knowledge and intent.

Mot. at 3. For multiple reasons, however, this does not articulate good cause that would entitle the defendant to discovery.

First, the defendant claims good cause exists because an interview memorandum "falsely attributed statements to [Mirkovic] concerning Petitioner's knowledge and intent." Id. But this argument relates to only one of the two documents that the defendant seeks in discovery, namely, "Exhibit D." So, even if a purported "false" statement in an interview memorandum provided good cause for discovery (and, as discussed below, it does not), that reasoning applies to "Exhibit D" but not "Exhibit C." Under the defendant's own articulation of "good cause," therefore, he fails to provide a basis for discovery of "Exhibit C."

Second, the Mirkovic Affidavit, which the defendant attached as Exhibit A to his Motion, is the same affidavit (also without "Exhibits C & D") that the defendant attached as Exhibit 1 to his Petition, which was filed over a decade ago. See Petition at 1 (file-stamp date of February 17, 2016), 20-23 (Mirkovic Affidavit labeled as "Exhibit 1" and without the affidavit's exhibits C and D). At the time he filed his Petition, therefore, the defendant was aware of Mirkovic's sworn statement in his affidavit claiming that the interview memorandum in "Exhibit D" attributed statements to Mirkovic that he asserts he "never stated." Further, the defendant did not seek discovery of "Exhibits C & D" in connection with his original Petition over 10 years ago or state that the interview memoranda were necessary (or even relevant) to the

4

issues raised in his Petition.[2]  In his Motion, the defendant fails to explain why he did not request discovery of these materials when submitting his Petition or otherwise explain the 10-year gap in making his current discovery request, which shows that he lack good cause to seek discovery of these materials now.

Third, the Mirkovic Affidavit makes clear that the defendant, or at a minimum those acting on his behalf, were in possession of the memoranda appearing in "Exhibits C & D" at least as early as February 2011.  In his affidavit, Mirkovic states that:

> In my [February 25, 2011] meeting with [a CPA Brian S.] Aryai and Thomas Cleere, Esq. ("Cleere"), both retained by Joseph Romano, I was presented with and reviewed document attributed to me for having made certain statements in two separate memoranda of interview.  One memorandum is dated April 28, 2010 and the other is dated August 17, 2010, attached herewith as Exhibits C & D respectively, both compiled by William J. Hessle.

Mot. at 6 (Mirkovic Affidavit ¶ 8) (emphasis added).  That is, counsel and an investigator acting on the defendant's behalf showed Mirkovic the two interview memoranda that the defendant now seeks in discovery.  The defendant does not explain in his Motion why there is good cause to provide materials to him in discovery that were in his possession, custody, or control during his underlying criminal case.

Finally, even more than merely possessing the two interview memoranda that the defendant now requests in discovery, the Mirkovic Affidavit recounts how counsel for the defendant had reviewed the interview memoranda, identified potentially relevant statements attributed to Mirkovic, and confronted Mirkovic with those statements.  Given this seemingly diligent investigation by the defendant's counsel, his Motion fails to explain why the information

---

[2]    In addition, while the provenance of the Mirkovic Affidavit is not clear to the government, the defendant fails explain in his Petition or his Motion how it is that he has possession of the Mirkovic Affidavit, but not the exhibits that were apparently attached to it.

in the two interview memoranda would support the defendant's claims of ineffective assistance of counsel in his Petition. Ultimately, the defendant appears to be speculating about what the two interview memoranda contain or why they might support the arguments in his Petition, demonstrating that he has failed to show good cause for his discovery request. See Rodriguez v. United States, No. 14-CV-6134 (KAM), 2020 WL 7861383, at *23 (E.D.N.Y. Dec. 31, 2020) (holding that "petitioner's requests are without merit, and further discovery could not bolster the ineffective assistance claims raised in his petition" and finding petitioner had "not met his 'heavy burden' to show good cause with his conclusory statements in both his motions for disclosure and discovery"); Fan, 2019 WL 2503995, at *4 (explaining that "to be proper, any discovery must be focused on seeking information that, if fully developed, would support either prong of the Strickland test" but concluding that "[r]eviewing the subpoena for good cause within the Strickland rubric, the Court finds that the information sought is nothing more than a fishing expedition").

IV.     Conclusion

For the foregoing reasons, the government respectfully submits that the defendant's Motion should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ Matthew F. Sullivan
        Matthew F. Sullivan
        Assistant U.S. Attorney
        (718) 254-6161

cc:     Clerk of the Court (EK) (by ECF)
        Joseph Romano (by U.S. Mail)