F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 15 2026   ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
      Plaintiff,

v.

JOSEPH ROMANO,
      Defendant-Petitioner.

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK



RECEIVED
JUL 16 2026
PRO SE OFFICE

**PRO SE REPLY TO GOVERNMENT'S OPPOSITION TO**
**RULE 6 MOTION (ECF NO. 806)**

Dear Judge Komitee:

Petitioner Joseph Romano respectfully submits this pro se reply to the Government's Response in Opposition to the Rule 6 Motion, ECF No. 806 (filed June 17, 2026). The Government's opposition rests on a framing the existing docket does not support. ECF No. 804, filed May 29, 2026, already placed before this Court the connection between the pending Rule 6 motion and the current waiver and conflict briefing posture. ECF No. 806 does not address ECF No. 804. Before ruling on the motion, the Court should review the two requested memoranda in camera.

### I. The Request Is Tied to the Current Briefing Posture, Not a Ten-Year Delay.

ECF No. 806 argues that Petitioner waited ten years and offers no basis for discovery now. ECF No. 806 at 4–5. That argument ignores ECF No. 804, filed May 29, 2026, which explained before the Government filed its opposition why the request became necessary in the present posture.

ECF No. 799 states that the motion "is tied to Petitioner's pending § 2255 motion and the briefing posture ordered by this Court," referencing the Court's September 3, 2025 order directing supplemental briefing on the concurrent-sentence doctrine and the scope of the May 2010 Curcio proceedings. ECF No. 799 at 1.

ECF No. 804 further explained: the Rule 6 motion and the plea-stage conflict question are "directly connected" because "whether Carnesi's advice was affected by divided loyalty cannot be fully evaluated without knowing what the Hessle memoranda say about Mirkovic's statements and whether those statements are consistent with Mirkovic's sworn affidavit." ECF No. 804 at 2. That filing was before this Court before ECF No. 806 was filed. The Government does not address it.

The request is not a late fishing expedition. It is a narrow request for two identified documents made necessary by the Government's own October 20, 2025 supplemental brief (ECF No. 787), which placed the Curcio scope, final-payment timing, and the plea-stage conflict before the Court for the first time in the current briefing posture.

REC'D IN PRO SE OFFICE
JUL 16 '26 PM 2:46

1

## II. Exhibit D Is Supported by a Sworn Statement, Not Speculation.

The Government argues that Petitioner speculates about what the August 17, 2010 memorandum (Exhibit D) contains. ECF No. 806 at 5–6. But the Government's own opposition quotes the Mirkovic Affidavit identifying the memorandum as one that "falsely attributed statements to [Mirkovic] concerning Petitioner's knowledge and intent." ECF No. 806 at 4.

Mirkovic's sworn identification of a specific category of inaccuracy in a specific document bearing directly on the central factual question in the pending conflict claim is not speculation. It is the definition of good cause. See Bracy v. Gramley, 520 U.S. 899, 908–09 (1997) (good cause shown where petitioner makes "specific allegations" showing reason to believe that if the facts are fully developed he may be entitled to relief).

The Government's own supplemental brief, ECF No. 787, footnote 1, states it is "not clear" whether the Carnesi/Mirkovic conflict existed at the time of the plea. That acknowledged uncertainty is itself reason to develop the record before enforcing the plea waiver. ECF No. 804 at 2. The August 17, 2010 memorandum is the document Mirkovic swore falsely attributed statements about knowledge and intent — the precise factual predicate underlying the plea-stage conflict and prejudice issue. See ECF No. 799, Exhibit A (Mirkovic Affidavit), PageID 5535–5537.

## III. Prior Counsel and Investigator Access Is Not Petitioner's Present Access.

The Government argues that retained counsel and investigators showed the memoranda to Mirkovic in February 2011, and therefore the documents were in Petitioner's "possession, custody, or control." ECF No. 806 at 5. That argument conflates agent-side access in 2011 with Petitioner's present pro se access in 2026.

The February 25, 2011 meeting involved CPA Brian Aryai and attorney Thomas Cleere. ECF No. 806 at 5. The Ansanelli firm had substituted as counsel of record on November 16, 2010, after the September 28, 2010 plea and before the February 2011 meeting. See ECF No. 338, PageID #1160. ECF No. 659, claim (iii), alleges that Ansanelli was constitutionally ineffective. The memoranda passed through the post-plea counsel and investigator channel implicated by the pending ineffectiveness allegations.

Prior agent-side access does not place the documents in the current § 2255 record, does not cure their absence from the briefing now before the Court, and does not eliminate good cause for judicial review of the memoranda in the current posture.

## IV. Exhibit C Is Necessary as the Baseline Comparator.

The Government argues that Petitioner states no basis for discovery of Exhibit C, the April 28, 2010 memorandum. ECF No. 806 at 4. The Mirkovic Affidavit establishes that both memoranda were shown to Mirkovic at the same February 2011 meeting and concern the same witness and subject matter. ECF No. 806 at 5 (quoting Mirkovic Affidavit ¶ 8). The Court cannot evaluate whether the August 17, 2010 memorandum contains material departures from the earlier record

2

without both documents. Exhibit C is sought as the necessary baseline comparator, not on an independent false-attribution claim.

### V. The Court Should Review Both Memoranda In Camera Before Ruling.

ECF No. 799 requested production or, in the alternative, in camera review. ECF No. 804 at 2 renewed that request before ECF No. 806 was filed, asking the Court to "review the two memoranda in camera before ruling on enforceability of the plea waiver." The Government does not deny that the April 28, 2010 and August 17, 2010 Hessle/Mirkovic memoranda exist. ECF No. 806, pp. 3–6. The Government does not assert privilege. Id.

Because the Government does not deny that the two memoranda exist, does not assert privilege, and does not dispute that Mirkovic's affidavit identifies Exhibit D as falsely attributing statements about Petitioner's knowledge and intent, the Court should at minimum review Exhibits C and D in camera before denying Rule 6 discovery or ruling on waiver enforceability.

### CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant the Rule 6 motion notwithstanding the Government's opposition and order production of the April 28, 2010 and August 17, 2010 Hessle/Mirkovic memoranda, or in the alternative, order the Government to submit both memoranda under seal for in camera review before ruling on Rule 6 discovery or the enforceability of the plea waiver.

Dated: July 1 , 2026
Florence, Colorado

Respectfully submitted,

Joseph Romano, Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

3

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on ___July 1___, 2026, I deposited the original of this letter in the institutional legal mail at USP ADX Florence, using the institution's legal mail procedures, addressed to the Clerk of Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, and deposited a true and correct copy addressed to Matthew F. Sullivan, Assistant United States Attorney, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Joseph Romano, Reg. No. 72247-053

4

Name: Romano, Joseph
Reg No: (72247053)
U.S. PENITENTIARY MAX.
P.O. BOX 8500
FLORENCE, CO 81226-8500

cm-26-189

11 JUL 2026  PM 7 L

U.S.M.S.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 15 2026

BROOKLYN OFFICE

Clerk of the Court
United States
District Court
Eastern District of New York
285 Cadman Plaza East
Brooklyn, N.Y. 11201

Prison Legal Mail July 1, 2026

11201-183299