FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 19 2026 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RECEIVED
AUG 24 2026
PRO SE OFFICE

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSEPH ROMANO,
Defendant-Petitioner.

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

**LETTER MOTION TO ACCEPT RESUBMITTED PRO SE REPLY TO THE GOVERNMENT'S OPPOSITION AT ECF NO. 806**

Dear Judge Komitee:

Petitioner Joseph Romano respectfully submits the attached resubmitted reply to the Government's Response in Opposition to his Rule 6 motion, ECF No. 806.

Petitioner signed and deposited the earlier reply in the institutional legal mail system at USP ADX Florence. The earlier reply has not appeared on the docket. A ministerial notice advising the Clerk that a pro se reply was forthcoming appears on the docket as ECF No. 808.

ECF No. 809 stated that it was submitted "in addition to, and not in place of" that reply. The attached resubmitted reply is the document Petitioner asks the Court to consider. If any earlier version of this reply is later received or docketed, Petitioner respectfully requests that the Court treat the attached resubmitted reply as controlling.

To the extent it remains necessary, Petitioner renews the request at ECF No. 807 for leave to respond to ECF No. 806.

Petitioner makes no assertion as to the cause of any delay.

I declare under penalty of perjury that the factual statements in this letter motion concerning my deposit of the earlier reply are true and correct to the best of my personal knowledge and recollection.

Executed on August 6, 2026, at Florence, Colorado.

Respectfully submitted,

[signature]

Joseph Romano, Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

REC'D IN PRO SE OFFICE
AUG 24 '26 AM10:10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOSEPH ROMANO,
Defendant-Petitioner.

Criminal Case No. 2:09-cr-00170-EK
Related Civil Case No. 2:16-cv-00893-EK

**RESUBMITTED PRO SE REPLY TO THE GOVERNMENT'S OPPOSITION AT ECF NO. 806**

Dear Judge Komitee:

Petitioner Joseph Romano respectfully submits this resubmitted reply to the Government's Response in Opposition, ECF No. 806, filed June 17, 2026. This resubmitted reply supersedes any earlier version of this reply that may later be received or docketed.

The motion requests two identified memoranda or, in the alternative, in camera submission. ECF No. 799 at 2-3, PageID #5533-5534. The opposition disputes good cause. It does not separately address the alternative.

**I. The Request Arises From the Current Briefing Posture.**

The Government argues that Petitioner knew of the Mirkovic Affidavit when he filed his Petition in February 2016, did not then seek the memoranda, and does not explain the interval. ECF No. 806 at 4-5.

Petitioner does not dispute that the affidavit was attached to the Petition in 2016, or that it was filed then without Exhibits C and D.

What changed is the posture. On September 3, 2025, the Court directed supplemental briefing on the concurrent-sentence doctrine and on the extent to which the alleged conflicts are cognizable and were waived, including the extent to which the May 2010 Curcio hearing addressed the implications of any conflict beyond the context of the bail hearing. ECF No. 784 at 1-2, PageID #4840-4841. The Government filed its supplemental brief on October 20, 2025. ECF No. 787. ECF No. 799 states that "[t]his motion is tied to Petitioner's pending § 2255 motion (ECF 659) and the briefing posture ordered by this Court." ECF No. 799 at 2, PageID #5533.

ECF No. 804 explained the connection before the opposition was filed. The Rule 6 motion and the plea-stage conflict question are "directly connected" because "whether Carnesi's advice was affected by divided loyalty cannot be fully evaluated without knowing what the Hessle memoranda say about Mirkovic's statements and whether those statements are consistent with Mirkovic's sworn affidavit." ECF No. 804 at 2. The opposition cites ECF Nos. 659, 661, 787, and 799. It does not cite ECF No. 804.

**II. The Affidavit Identifies Specific Propositions, Not a Subject for Speculation.**

The Government argues that Petitioner is speculating about what the two memoranda contain. ECF No. 806 at 6.

As to the August 17, 2010 memorandum, Mirkovic swore: "I have never stated that Joseph Romano had told Russell Barnes ('Barnes') to use the 'investor pitch'"; and "I have never stated that 'Romano admitted that he (Romano) knew his employees were lying to customers in New York using the "investor pitch."'" ECF No. 799, Ex. A ¶ 8, PageID #5537. The Government describes the same passage as identifying "two instances within Exhibit D where the interview memorandum apparently attributes statements to Mirkovic that he asserts he 'never stated.'" ECF No. 806 at 2.

The affidavit also states, within the same declarations concerning Exhibit D, that Mirkovic told Gatz and Hessle "that Romano became aware of these misrepresentations only subsequent to his indictment." ECF No. 799, Ex. A ¶ 8, PageID #5537.

These are three specific, checkable propositions concerning Exhibit D, attributed to a named witness and tied to the author of the memorandum. Exhibit D provides a concrete means of determining whether, and how, that account was memorialized. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

The Government's supplemental brief states that "it is not clear that the financial connection between Carnesi and Mirkovic, and any potential conflict that arose from it, existed at the time of Romano's guilty plea." ECF No. 787 at 7 n.1, PageID #5100. The same footnote states that the Government does not concede that such a conflict existed. Petitioner addressed that footnote at ECF No. 804 at 2. The requested memoranda may bear on the record relevant to that question.

**III. Being Shown a Document in 2011 Is Not Present Possession.**

The Government argues that the memoranda were in Petitioner's "possession, custody, or control" because Aryai and Cleere reviewed them with Mirkovic in February 2011. ECF No. 806 at 5.

The affidavit states that Mirkovic "was presented with and reviewed documents" at that meeting, and that it "was the first time I had seen these documents." ECF No. 799, Ex. A ¶ 8, PageID #5537. It does not state that copies were retained by Petitioner or by anyone acting for him.

The opposition's footnote proceeds on the premise that Petitioner has the affidavit but not the memoranda attached to it, while faulting him for not explaining how that occurred. The Government writes that Petitioner "fails [to] explain in his Petition or his Motion how it is that he has possession of the Mirkovic Affidavit, but not the exhibits that were apparently attached to it." ECF No. 806 at 5 n.2.

Whatever the explanation, the memoranda are not in the record now before the Court, and Petitioner does not possess them or have access to them.

**IV. Exhibit C Is Sought as a Chronological Comparator.**

The Government argues that Petitioner states no basis for Exhibit C, the April 28, 2010 memorandum. ECF No. 806 at 4. That is a fair reading of the good-cause paragraph in ECF No. 799, which addressed Exhibit D.

Exhibit C is sought on narrower ground. The affidavit establishes that both documents are memoranda of interview of the same witness, both compiled by William J. Hessle, and both presented to Mirkovic at the same meeting. ECF No. 799, Ex. A ¶ 8, PageID #5537. Exhibit C is the earlier of the two. It is sought so that the later memorandum can be evaluated against the earlier account of the same witness by the same author. Petitioner does not contend that Exhibit C independently contains a disputed attribution.

**V. The Opposition Does Not Address the Alternative Relief.**

ECF No. 799 requested production or, in the alternative, in camera submission. ECF No. 799 at 2-3, PageID #5533-5534. ECF No. 804 renewed the alternative, asking the Court to "review the two memoranda in camera before ruling on the enforceability of the plea waiver." ECF No. 804 at 2.

The opposition argues good cause and asks that the motion be denied. ECF No. 806 at 3-6. It does not separately address in camera review.

That alternative responds to the concerns the opposition raises. In camera review produces nothing to Petitioner. It permits the Court to determine from the documents themselves whether they bear on the pending claims, which is the question the opposition says Petitioner cannot answer without speculating.

The opposition asserts no privilege, no burden, and no unavailability. It describes the documents as "the two interview memoranda that the defendant now seeks in discovery." ECF No. 806 at 5.

**CONCLUSION**

Petitioner respectfully requests that the Court order production of the April 28, 2010 and August 17, 2010 Hessle memoranda concerning Dejvid Mirkovic, or, in the alternative, order the Government to submit both memoranda under seal for in camera review before ruling on Rule 6 discovery or on the enforceability of the plea waiver.

Dated: August 6, 2026
Florence, Colorado

Respectfully submitted,

Joseph Romano, Pro Se
Reg. No. 72247-053
USP ADX Florence
P.O. Box 8500
Florence, CO 81226

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on August 6, 2026, I deposited the original of this Letter Motion and Resubmitted Pro Se Reply to the Government's Opposition at ECF No. 806 in the institutional legal mail system at USP ADX Florence, using the institution's legal-mail procedures, with first-class postage prepaid, addressed to:

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

I further certify that on the same date, I deposited a true and correct copy in the institutional legal mail system at USP ADX Florence, with first-class postage prepaid, addressed to:

Matthew F. Sullivan
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Dated: August 6, 2026
Florence, Colorado

Joseph Romano, Reg. No. 72247-053

DENVER CO 802

12 AUG 2026 PM 7 L




Name: Romano, Joseph
Reg No: (72247053)
U.S. PENITENTIARY MAX.
P.O. BOX 8500 [redacted]
FLORENCE, CO 81226-8500

26-217

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York
11201

USMS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 19 2026 ★

BROOKLYN OFFICE

11201-183299

Placed in Prison Legal Aug. 6, 2026

FEDERAL PRISON CAMP
P.O. BOX [illegible]
FLORENCE, COLORADO 81226

DATE: AUG 10 2026

SPECIAL/LEGAL MAIL [illegible]

The enclosed [illegible] special mailing [illegible] neither [illegible] question [illegible] you may [illegible] or clarification. [illegible] forwarding to another [illegible] address [illegible]