UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
09-CR-170(EK)

-against-

JOSEPH ROMANO,

Defendant.

-----------------------------------x

ERIC KOMITEE, United States District Judge:

Joseph Romano was convicted by a jury of conspiring to murder a federal judge and an Assistant United States Attorney, both in the Eastern District of New York. He plotted the murders while in custody on federal wire fraud charges; the conspiracy targeted the district judge presiding over his fraud case and one of the AUSAs prosecuting it.

In April 2014, Judge John Keenan of United States District Judge for the Southern District of New York sentenced Romano to two concurrent terms of life imprisonment. Now incarcerated at the Administrative Maximum Facility in Florence, Colorado, Romano has moved *pro se* for compassionate release. For the reasons set forth below, the motion is denied.

## I. Background

In October 2012, the Hon. Joseph Bianco ("the Judge"), then a United States District Judge, sentenced Romano to 180

months' incarceration for conspiracy to commit mail and wire fraud. Judgment 1-2, 12-CR-691, ECF No. 522.

While in custody for that offense, Romano began coordinating with his business associate, Dejvid Mirkovic, to hire a hitman to murder the Judge. *United States v. Mirkovic*, No. 12-CR-691, 2021 WL 1137980, at *2 (E.D.N.Y. Mar. 25, 2021); Presentence Investigation Report ("PSR") ¶¶ 1-6. Romano and Mirkovic also plotted to murder the Assistant United States Attorney who led Romano's fraud prosecution. PSR ¶¶ 3, 6.

In August 2012, Romano shared his plan with a fellow inmate, who in turn informed law enforcement. *Id.* ¶¶ 6-7. Federal agents set up a sting operation: an undercover agent met with Romano in prison and offered to introduce him to a "contract killer" who would carry out the murders. *Id.* ¶ 7. Unaware of the agent's true identity, Romano paid him $3,000 to coordinate an assault of a mechanic with whom Romano had an unrelated dispute — ostensibly to test the agent's reliability. Order Denying Petition for Writ of Habeas Corpus 3, 12-CR-691, ECF No. 287.

Satisfied that the agent could carry out the murder scheme, Romano directed Mirkovic, who lived in Florida at the time, to travel to New York to meet with a second undercover agent, who posed as an associate of the first. PSR ¶¶ 9-11.

Mirkovic met with that agent in September 2012. *Id.* ¶ 11. At Romano's direction, Mirkovic delivered $22,000 in cash to the associate as payment for carrying out the murders. *Id.* ¶¶ 13-14. Mirkovic also provided him with Romano's specific instructions on how to carry out the killings. *Id.* ¶¶ 12-16.

On October 9 of that year, Romano and Mirkovic were both arrested. *Id.* ¶ 18. After a two-week jury trial, Romano was convicted on two counts of conspiring to murder a United States employee in violation of 18 U.S.C. § 1117. Indictment, 12-CR-691, ECF No. 11; Verdict Form, 12-CR-691, ECF No. 155.[1]

In April 2014, Judge Keenan sentenced Romano to two concurrent terms of life imprisonment. Judgment, 12-CR-691, ECF No. 171.[2] Romano appealed his conviction, and the Second Circuit affirmed. *United States v. Romano*, 630 F. App'x 56, 60 (2d Cir. 2015).

Separately, Romano filed a petition for a writ of habeas pursuant to 28 U.S.C. § 2255(a). In August 2022, Judge Keenan denied that motion. *See* Order Denying Petition for Writ of Habeas Corpus 1.

---

[1] Mirkovic pleaded guilty and was sentenced to twenty-four years in custody. *Mirkovic*, 2021 WL 1137980, at *2.

[2] The Chief Judge of the Second Circuit designated Judge Keenan to try the case after the Chief Judge of the Eastern District disqualified all judges in that district. *Mirkovic,* 2021 WL 1137980, at *2.

Romano is currently incarcerated at the Administrative Maximum Facility in Florence, Colorado ("ADX Florence"). He filed the instant motion for compassionate release in December 2025, Mot. for Compassionate Release ("Mot."), ECF No. 793, and a supplemental letter in September 2026. Supplemental Ltr. in Supp. of Mot. for Release ("Supp. Ltr."), ECF No. 813.[3] The motion is predicated on his custody in solitary confinement and asserted medical conditions. Mot. 1-30.

The government opposes the motion. Gov. Mem. in Opp'n to Mot. ("Gov. Opp'n Mem.") 1-2, ECF No. 798.

## II. Legal Standard

A motion for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A). That provision allows a defendant to move for a reduced or modified sentence, "including release from prison, in federal district court after satisfying a statutory exhaustion requirement." *United States v. Fernandez*, 853 F. App'x 730, 732 (2d Cir. 2021); 18 U.S.C. § 3582(c)(1)(A).[4]

The court may then reduce the term of imprisonment if "extraordinary and compelling reasons warrant such a reduction,"

[3] I was assigned Romano's wire fraud case in February 2022. *See* Dkt. Entry dated Feb. 14, 2022.

[4] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

and if “the applicable [Section] 3553(a) factors weigh in favor of said reduction.” *United States v. Johnson*, 671 F. Supp. 3d 265, 270 (E.D.N.Y. 2023) (citing 18 U.S.C. § 3582(c)(1)(A)). Romano bears the burden of showing that he is entitled to compassionate release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## III. Discussion

### A. Romano Has Failed to Exhaust His Administrative Remedies

As a threshold matter, Romano’s motion is premature because he has failed to exhaust the required administrative remedies. Section 3582(c) provides that the “court may not modify a term of imprisonment once it has been imposed except” in the circumstances Congress enumerated. 18 U.S.C. § 3582(c). A defendant may apply to the Court for release after fully exhausting his administrative rights to appeal the Bureau of Prison’s failure to bring a motion on his behalf, or after thirty days have passed since the warden received his request to do so, whichever happens earlier. *Id.* § 3582(c)(1)(A).

Romano has offered no evidence that he requested the Warden of ADX Florence to bring a motion on his behalf. *See* Mot. “Absent proof that such a request was made, the Court cannot verify that [the defendant] has exhausted his administrative remedies . . . .” *United States v. Alvarez*, No.

89-CR-0229, 2020 WL 4904586, at *3 (E.D.N.Y. Aug. 20, 2020); *see* Gov. Opp'n Mem. 5. Romano's motion is thus premature. *See United States v. Baez*, No. 09-CR-74, 2020 WL 2615928, at *2 (E.D.N.Y. May 22, 2020).

### B. Romano Has Failed to Offer "Extraordinary and Compelling Reasons" Justifying His Release

In any case, Romano has failed to carry his "burden of showing that extraordinary and compelling reasons to reduce his sentence exist." *United States v. Gotti*, 433 F. Supp. 3d 613, 619 (S.D.N.Y. 2020). Romano advances a number of arguments, including that he is held in solitary confinement and suffers from various health conditions, including obesity. *See* Mot. 1-27. These arguments fail, both individually and together, to establish extraordinary and compelling reasons.

***Conditions of Confinement at ADX Florence.*** Romano first argues that he has spent approximately eleven years in solitary confinement, which he claims is "tantamount to having spent a minimum of sixty years in prison." Mot. 7, 14, 26. He asserts that he is required to "eat [and] sleep" in his cell, can only make four calls per month, and that such conditions are "isolat[ing]" and "inhumane." *Id.* at 15, 19.

"Solitary confinement and the restrictions associated with it are not an extraordinary circumstance." *Cross v.*

*McGinnis*, No. 05-CV-504, 2006 WL 1788955, at *4 (S.D.N.Y. June 28, 2006) (collecting cases). Courts in the Second Circuit have held that the solitary confinement conditions at ADX Florence in particular are not extraordinary. *E.g., United States v. Mustafa*, No. 04-CR-356, 2025 WL 786693, at *5 (S.D.N.Y. Mar. 12, 2025); *United States v. Nunley*, 792 F. Supp. 3d 327, 333 (D. Conn. 2025). And Romano does not argue that his confinement conditions differ from those at issue in these cases. Mot. 7-15.

***Mental Health Conditions.*** Romano next argues that he suffers from several mental health conditions, including "anxiety [and] depression." Mot. 25-27. He provides no medical documentation substantiating these conditions, as is his burden. *United States v. Roman*, No. 01-CR-1110, 2025 WL 1104038, at *5 (S.D.N.Y. Apr. 14, 2025).

Even if the Court were to credit his assertions, they are not extraordinary and compelling. *See id.* The Sentencing Commission's policy statement sets forth categories of health conditions that may qualify a defendant for compassionate release, including a "serious [] cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). As numerous courts have

recognized, however, anxiety and depression do not meet this "high bar." *United States v. Gomez*, No. 18-CR-214, 2025 WL 1400066, at *3 (E.D.N.Y. May 14, 2025); *see United States v. Vassell*, No. 12-CR-626, 2026 WL 1028263, at *5 (S.D.N.Y. Apr. 16, 2026). And Romano has made no argument that his anxiety and depression impair his ability to take care of himself while in custody. *See* Mot.

***Hypertension and Obesity.*** Romano also argues that he suffers from obesity and hypertension. Mot. 5. He has again provided no documentation to substantiate these conditions. *See generally* Mot. In any case, hypertension is common among American adults, and Romano has offered no evidence suggesting that ADX Florence is unable to provide him adequate treatment. *See United States v. Yancy*, No. 20-4096-CR, 2022 WL 6585231, at *1 (2d Cir. Oct. 7, 2022). Nor does obesity constitute an extraordinary and compelling circumstance. *See United States v. Fox,* No. 22-10-CR, 2023 WL 379539, at *1 (2d Cir. Jan. 25, 2023).

***Family Commitments.*** Romano next argues that he should be granted a sentence reduction because his wife is raising their three children as a single parent. Mot. 59-65. That argument is also unavailing. As Romano's motion concedes, the children are all over twenty years old and gainfully employed,

and Romano does not contend that they are unable to adequately care for themselves. *Id.*; *see United States v. Williams*, No. 00-CR-1008, 2024 WL 5119893, at *5 (S.D.N.Y. Dec. 16, 2024).

***Rehabilitation and Re-Entry Plan.*** Romano also argues that he has rehabilitated while incarcerated, and he sets forth a "re-entry plan" he would pursue if he were to be released. Mot. 68-76. But rehabilitation is not an extraordinary and compelling reason for release. *See United States v. Rios*, No. 24-673-CR, 2025 WL 841862, at *2 (2d Cir. Mar. 18, 2025) (summary order) (affirming decision that defendant's "rehabilitation, standing alone, did not establish an extraordinary and compelling reason for release"). Nor does Romano's asserted rehabilitation "in combination with" the other reasons addressed above justify his early release. *See United States v. Gonzalez*, No. 19-CR-467, 2022 WL 16919842, at *6 (S.D.N.Y. Nov. 14, 2022).

***Romano's Son's Wedding.*** Finally, Romano hopes to attend his son's wedding on November 6, 2026. Supp. Ltr. 1-3. That argument also fails. When Judge Keenan sentenced Romano to two concurrent life sentences, he knew that Romano would be unable to attend such family events. And the inability to attend family gatherings "almost always results from serious criminal conduct," *United States v. Mojica*, No. 19-CR-629, 2020

WL 6746478, at *1 (S.D.N.Y. Nov. 16, 2020), and therefore does not qualify as an extraordinary and compelling reason supporting release. *United States v. Patel*, No. 14-CR-158, 2021 WL 2941117, at *2 (S.D.N.Y. July 9, 2021), *aff'd*, No. 21-1746, 2022 WL 1634454 (2d Cir. May 24, 2022).

In sum, none of Romano's proffered reasons for release constitute extraordinary and compelling circumstances. This is true when assessing them both individually and taken together.

### C. The Section 3553(a) Factors Also Weigh Against Compassionate Release

The Section 3553(a) factors also warrant denial. The factors that the Court must consider include:

> the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.

*United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (citing 18 U.S.C. § 3553(a)).

To start, the conduct was extremely serious. As Judge Keenan observed at sentencing, the "plot . . . to kill a [federal] judge and [] prosecutor . . . is designed to destroy and undermine our system of justice" and "cannot be tolerated in a civilized society." Sent'g Tr. 54:16-19,

12-CR-691, ECF No. 177; *see Mirkovic,* 2021 WL 1137980, at *5. The conspiracy is indeed among the "most serious and reprehensible the Court has encountered," *Mirkovic,* 2021 WL 1137980, at *5, and Romano himself led it. *See Romano*, 630 F. App'x at 60.

The need for adequate deterrence also counsels in favor of denial. Deterrence is particularly important when a defendant targets employees integral to enforcing and upholding federal law. *E.g., Mirkovic,* 2021 WL 1137980, at *5; *see United States v. Rodriguez*, No. 88-CR-642, 2022 WL 2533468, at *5 (S.D.N.Y. July 7, 2022) (emphasizing general deterrence in conviction for attempt to murder federal agent). As Judge Keenan noted at sentencing, "general deterrence is a prime consideration" here, because "other would be assassins must . . . understand" that the behavior engaged in by Mr. Romano will be "punished severely and will not be tolerated." Sent'g Tr. 54:21-25. The Court agrees.

Finally, the need to avoid unwarranted sentencing disparities weighs against early release. Romano has served approximately fourteen years of his sentence, below the national average of twenty years served for murder convictions. *See United States v. Rodriguez*, 492 F. Supp.

3d 306, 316 (S.D.N.Y. 2020). His co-defendant will serve twenty-four years. *See Mirkovic,* 2021 WL 1137980, at *2. Release at the current juncture would thus create an unjustified sentencing disparity with defendants convicted of similar offenses. *See United States v. Romero*, No. 88-CR-642, 2025 WL 1144712, at *8 (S.D.N.Y. Apr. 17, 2025).

For these (and other) reasons, the Section 3553(a) factors do not support a reduction in Romano's sentence.

## IV. Conclusion

For the foregoing reasons, Romano's motion for compassionate release is denied. The Clerk of Court is respectfully directed to mail a copy of this order to the defendant.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 26, 2026
Brooklyn, New York